BIRD v. COLLETTE et al., No. 2.—168 S. W. (2d) 797.

Eastern Section.   November 27, 1942.

Petition for Certiorari denied by Supreme Court, February 27, 1943.

Leon E. Easterly and Joseph L. Woody, both of Greeneville, for appellants.

Susong, Parvin & Fraker, of Greeneville, for appellee.

BURNETT, J. The only question involved on this appeal is the allowance and disallowance of attorneys fees.

For the sake of convenience the parties will be referred to as they appeared below. H. P. Bird, appellee herein, was complainant below. M. H. Collette, appellant herein, was one of the defendants below.

The complainant filed his bill in the Chancery Court at Greeneville, Tennessee, against the defendant and others seeking a judgment against these defendants on a note dated June 27, 1936, for $1,000 less certain credits. The money was loaned by the complainant to the defendant to be invested in the retail hardware store in which the defendant and his father were equal partners. The father endorsed this note. About two years after the execution of this note, to secure the complainant thereon, the defendant executed an assignment on his interest in said partnership business to the complainant. The father and

wife of defendant likewise endorsed and guaranteed this assignment or chattel mortgage. Certain small payments were made on and credited to the note. The father died on March 11, 1939, and immediately thereafter the defendant and surviving partner began operation and winding up of the partnership business. On March 22, 1939, this bill was filed. It sought to subject the partnership assets including any equity there might be in the real estate to the payment of the indebtedness hereinbefore mentioned on the theory:

1. That he was entitled to enforce his assignment, bill of sale or chattel mortgage.

2. That the note was a partnership liability.

The holder of the mortgage and the trustee therein were made nominal parties. A receiver and an injunction were prayed for on the allegations that the defendant was dissipating the assets of the partnership and that this was necessary to conserve the assets for the benefit of all parties. The gravamen of the bill was the full satisfaction of complainant's claim to the exclusion of all other creditors. It was not in the nature of a general creditors bill. An ex parte injunction was granted which was dissolved on the bill and answer of the defendant.

The defendant answered admitting the note as an indebtedness of his but denying it to be a partnership liability. The defendant also offered to give a bond to the complainant for the faithful performance of his duties in winding-up the partnership affairs. This offer was accepted and the defendant proceeded to wind-up the partnership business. This apparently being unprofitable the business was shut down by defendant, and the business, by agreement, was sold at public sale. The business brought about half what the partnership's indebtedness

was. This sale was approved by the court and the proceeds thereof were left in the registry of the court.

There was no advertisement for creditors of the partnership nor were there intervening petitions of partnership creditors. The master though on reference found certain partnership obligations to be due but omitted the claim of the complainant. On exceptions to the master's report his finding was concurred in and the claim of the complainant found to be merely an obligation of the individual partners and not a partnership obligation. Judgment was rendered against the defendant for the amount of the note plus interest and attorneys fees thereon.

Complainant made application for compensation for his attorneys to be paid from the partnership assets on the theory that these services were rendered for the benefit of the creditors of the partnership and served to create and preserve a trust fund for the benefit of such creditors. The application was granted, and the court allowed attorneys fees of $100 to be paid from the partnership funds.

The defendant, M. H. Collette, the surviving partner, made application for compensation for his attorneys in protecting partnership assets from the claim of complainant and for the benefit of creditors—which said application was denied.

Defendants excepted to the action of the court in ordering a fee paid from the partnership assets to complainant's attorneys, and in denying the application of the surviving partner for a reasonable fee for his attorneys, and an appeal was prayed and perfected to this court.

■ In Buell v. Kanawha Lumber Corp., D. C., 201 F. 762 it was held: "The general equitable principle on which American courts act in allowing counsel fees from a fund in court for distribution is that where one has gone into a court of equity, and, taking the risk of litigation on himself, has created or preserved or protected a fund in which others are entitled to share, such others will be required to contribute their share to the reasonable costs and expenses of the litigation, including reasonable fees to complainant's counsel; but, to warrant such allowance, the fund so created or preserved must be one applicable to the claims of the complainant and those interested with him, and a fund on which others have liens superior to complainant's claim cannot be subjected to such payments to the displacement of such liens."

This is substantially the established rule in this State. Whitsett v. City Bldg. etc., 3 Tenn. Ch. 526; Moses v. Ocoee Bank, 69 Tenn. (1 Lea), 398, 399; Keith v. Fitzhugh, 83 Tenn. (15 Lea), 49; Bristol-Goodson Elec. Light & Power Co. v. Gas Co., 99 Tenn. 371, 42 S. W. 19; Kelly v. City Club, 101 Tenn. (17 Pick.), 286, 47 S. W. 426; Muskegon Boiler Wks. v. Tennessee Valley, etc., Co., 274 F. 836.

■ The claim of the complainant has been prosecuted from beginning to end solely for his benefit. It has been antagonistic to the claims of other creditors. The Chancellor held, and his holding in this is not challenged, that the complainant was not entitled to share in the partnership assets. All creditors were ordered paid and if any remained after their payment the part going to the defendant was to be applied to the judgment of the complainant. The funds are about half enough to pay the partnership debts. The funds brought into court are for

creditors who stand in a higher position than the complainant. The complainant is not entitled to participate in the funds in court.

This being true the Chancellor was in error in awarding the complainant's counsel fees out of the fund. ''A court is not justified, ordinarily, in paying plaintiff's attorney from funds under its control, except when the other parties have 'stood by without counsel' and would reap the benefit of the services rendered by the attorney conducting the proceeding.'' Woods v. McClain, 1932, 112 W. Va. 612, 166 S. E. 279.

Immediately upon the institution of this action the surviving partner (defendant) employed counsel and defended this suit on behalf of the partnership creditors— admitting personal liability for complainant's claim. The complainant's claim to these assets was successfully defended by the surviving partner.

A sues B and impounds certain funds which are in B's custody but are the property of C et als. A is awarded a personal judgment against B. Would it be cricket to pay A's counsel fees out of the property of C et als.? We think not.

B employs counsel to protect these funds of C et als. which have been impounded in the suit against him. Should the counsel employed by B to protect the funds of C et als. be paid out of the funds belonging to C et als.? We think so.

Chapter 14 in Vol. 5 of Williams' Code 1934, covers Uniform Partnership Law of this State. Section 7879, subsection (h) of this chapter is as follows: ''When partnership property and the individual proerties of the partners are in the possession of a court for distribution, partnership creditors shall have priority on partnership

property and separate creditors on individual property, saving the rights of lien or secured creditors as heretofore.''

Section 7857, subsection (f) provides: ''No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his service in winding up the partnership affairs.''

It will be observed from these quotations from the Code, first, that partnership debts come first, and, second, that a surviving partner is allowed compensation from partnership funds for winding up a partnership. It certainly follows that a surviving partner is entitled to attorneys fees in defending the partnership assets.

In Conyers v. Fisher, 4 Tenn. App. 127, it was held that the surviving partner was entitled to compensate an auditor in auditing the books from the partnership funds. The surviving partner in the case at bar asks no compensation for himself. He certainly should not have the burden of paying attorneys for looking after the partnership property.

It is argued by complainant's counsel that by submitting these matters to the jurisdiction of the court and impounding of the property constitutes a judicial estoppel against the defendant. It is likewise argued that by consenting to these matters the defendant cannot now complain as to the allowance of this fee.

With these arguments we cannot agree. The attorneys fees were never agreed to—fact is exceptions were taken in the decree allowing and disallowing the fees. By consenting to the sale and impounding of the funds of the partnership in this proceeding was really aiding the partnership creditors in cutting down costs and prevent-

ing a multiplicity of suits. None of the acts herein of the defendant constitute a judicial estoppel.

The decree of the Chancellor must be reversed and the cause remanded with directions to the lower court to fix a reasonable fee for the defendant's counsel in representing the partnership creditors. If necessary a reference may be had—if the record is sufficiently full the Chancellor may do this without a reference. In fixing this fee consideration should be given the fact that counsel for the defendant, as surviving partner, also represented him in his individual capacity and also represented other defendants whose interests were not in conflict with the partnership creditors.