PENNINGTON *et al. v.* DIVNEY *et al.*

(*Nashville*, December Term, 1944.)

Opinion filed February 3, 1945.

208

JAMES W. STOKES, of Nashville, for appellant.

WM. S. NOBLE, of Nashville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit by certain creditors of Mike Divney, deceased, on behalf of themselves and all other creditors, seeking judgments on debts contracted in his last illness for medical and hospital care. There was a recovery in favor of the complainants. The bill also sought to set aside as fraudulent and void against creditors a conveyance of described real estate. The Chancellor rendered judgment for the claims sued on and decreed that the conveyance of the real estate to the son of Mike Divney was fraudulent, set the conveyance aside and ordered a sale of the property to satisfy the debts. The sale was made and the Master was ordered to distribute the funds to the several judgment creditors, and in addition to pay out of the surplus realized above the amount of these claims $250 as a fee to Attorney James W. Stokes, solicitor for the complainants, and $25 to an administra-

tor *ad litem,* and the balance to W. L. Divney, vendee in· the conveyance.

Upon motion the Chancellor modified the decree so as to provide that the attorney's fee ''shall be charged to and paid *pro rata* from the respective recoveries in behalf of complainants,'' rather than from the excess above these judgments realized from the sale. From that part of the decree which provided for the attorney's fee to be so charged, complainants appealed.

Upon a review of the authorities, the Court of Appeals held that there was no error in the decree of the Chancellor; that he had correctly held that this fee to attorneys was payable from the aggregate fund payable to the complainant creditors, and was not chargeable against the excess above these judgments realized from the sale of the land.

This Court granted *certiorari* to consider the insistence urged by petitioner that the decree of the Court of Appeals was in conflict with the recent holding of this Court in the case of *Carmack et al.* v. *Fidelity-Bankers Trust Co. et al.,* 180 Tenn. 571, 177 S. W. (2d) 351, which it is insisted by petitioner supports his claim that his fees for services in the cause are payable from the fund realized from the sale of the land in excess of the aggregate claims of the creditors represented by him, who were the only creditors presenting claims in the cause.

The Court of Appeals was of opinion, as was the Chancellor, that this suit was brought and prosecuted under Code sec. 10358, which provides that any creditor may file his bill for himself, or for himself and others, to set aside a fraudulent conveyance and subject the property to the satisfaction of his debt. Noting that this statute makes no provision for the allowance of fees to attorneys successfully prosecuting such suits, the Court of Appeals.

applied the general rule thus expressed in an Annotation in 54 L. R. A. 817, to the Tennessee case there reported *of Campbell* v. *Provident Savings & Loan Society* (Tenn. Ch. App.), 61 S. W. 1090, affirmed by this Court:

"No fee will be allowed to plaintiff's attorneys out of any part of the fund which would go to some person other than a creditor, such as the surplus going to a fraudulent grantee in a suit to set aside the conveyance, or the surplus going to legatees, devisees, or distributees in a suit for the administration of a decedent's estate." 54 L. R. A. at page 827.

The Court of Appeals cites other authorities sustaining this view, as follows:

*Watkins* v. *Sedberry*, 261 U. S. 571, 43 S. Ct. 411, 67 L. Ed. 802; *Standard Lumber Company* v. *Interstate Trust Co.*, 5 Cir., 82 F. (2d) 346; *Hempstead* v. *Meadville Theological School*, 286 Pa. 493, 134 A. 103, 49 A. L. R. 1145, with cases cited at 1183 under heading "Allowance Cannot Be Made From Surplus"; *Wallace* v. *Fiske*, 8 Cir., 80 F. (2d) 897, 107 A. L. R. 726, with annotation at page 759 under heading "From What Fund Allowance May Be Made."

Unusually full annotations of all phases of the question are to be found in 49 A. L. R., beginning at page 1149, supplemented by annotations in 107 A. L. R., pages 749 et seq. We quote the following from 49 A. L. R., at page 1180, under the subheading "From what fund allowance may be made," for which the annotator cites *Morgan* v. *Grass Fibre, Pulp & Paper Corp.* (D. C.), 11 F. (2d) 431:

"It is recognized law that if one creditor, acting for himself and other creditors, succeed in bringing into the court a fund to be administered for the satisfaction of his claim and the claims of other creditors of the same class, he will be allowed counsel fees out of the

fund; but those allowances must be made out of the fund which is applied to the satisfaction of the debt; . . ."

We quote also from page 1183, same volume, subheading "Allowance cannot be made from surplus," as follows:

"Allowance of attorneys' fees to one who has maintained a successful creditor's bill for the preservation of a debtor's estate, or the recovery of property conveyed away in fraud of creditors, must be made from the fund to be distributed among the creditors, and not from the surplus which may remain after payment of all debts. *Huff* v. *Bidwell* [5 Cir.] 1912, 195 F. 430, 115 C. C. A. 332, petition for writ of *certiorari* denied in 1913, 227 U. S. 677, 33 S. Ct. 328, 57 L. Ed. 700; *Miller* v. *Kehoe*, 1895, 107 Cal. 340, 40 P. 485; *Peppers* v. *Cauthen*, 1915, 143 Ga. 229, 84 S. E. 477; *Stokes* v. *Sedberry* [6 Cir.] 1921, 275 F. 894, reversed on other grounds in 1923, 261 U. S. 571, 43 S. Ct. 411, 67 L. Ed. 802; *Wagener* v. *Mars,* 1887, 27 S. C. 97, 2 S. E. 844; *German Nat. Ins. Co.* v. *Virginia State Ins. Co.,* 1908, 108 Va. 393, 61 S. E. 870; *Stanton* v. *Hatfield,* 1836, 1 Keen 358, 48 Eng. Reprint 344."

And on page 1158, *idem,* under the subheading "Necessity that benefit accrue to class," the annotator begins with this clear statement of the limitation so generally declared:

"Compensation may be allowed only for those services which prove fruitful to the general class. *Price* v. *Cutts,* 1859, 29 Ga. 142, 74 Am. Dec. 52."

■■ The general rule thus seems to be that fees allowed to attorneys are payable from funds only realized for, and distributable among, the class of beneficiaries of the litigation successfully prosecuted by the attorneys. This rule rests on the principle that the beneficiaries of

legal services may equitably be required to pay ratably for the legal services rendered them. The basis is benefits accruing from legal services. Applying this general rule to the instant case, the fund subject to the allowance of attorneys' fees is that recovered in the litigation, being the debts of the complainants in this suit for which judgment was entered.

The Court of Appeals discusses and distinguishes the holding in *Carmack* v. *Fidelity Bankers Trust Co., supra.* The principle hereinabove stated was not departed from but adhered to in the *Cormack Case.* The result of that litigation and the incidental compromise agreement was to recover for the benefit of the wife and the American Red Cross a common fund to be participated in by these parties representing a class, who divided between them the funds realized as a result of the litigation brought and successfully prosecuted by the attorneys to whom fees were allowed. The principle generally recognized that fees may be allowed to attorneys payable from a common fund participated in by a class of beneficiaries, when the attorneys have rendered services in realizing the fund, was thus observed.

Nor are we able to agree with the petitioner that this may be treated as a suit to administer an estate and thus justify allowance of attorneys' fees out of the fund realized in excess of the claims of these creditor. While not of opinion that the question is determinative, it seems to us that the Chancellor and Court of Appeals properly construed the suit as one brought under the statute above cited. We do not think that the fact that the answer invoked the limitation against suits brought against an administrator is sufficient to change the nature of the proceeding.

The judgment of the Court of Appeals must be affirmed.