TENNESSEE UNITED PAINT STORE, INC., and Abstract Builders, Inc., Appellant-Appellee, v. D. H. OVERMYER WAREHOUSE COMPANY, Appellant-Appellee.—467 S.W.2d 806.

Western Section. February 16, 1971.

Certiorari Denied by Supreme Court June 7, 1971.

722

Henry M. Beaty, Jr., and William D. Marshall, Jr., Memphis, for complainants.

Walter P. Armstrong, Jr., and W. Rowlett Scott, Memphis, Armstrong, Allen, Braden Goodman McBride & Prewitt Memphis, of counsel, for defendant.

MATHERNE, J.   By petition the complainants requested the Chancellor they be allowed an attorney's fee for their solicitor of record growing out of services rendered in the filing and prosecution of a general lienor's bill.

The complainants originally filed suit in equity to enforce a materialman's lien. The suit was sustained as being in the nature of a general creditor's bill for the benefit of all lienors as contemplated by T.C.A. sec. 64-1131. There were several intervening petitions filed by other lienors who were represented by their individual attorneys. Apparently some claimants did not file petitions but chose to settle their claims with the defendant landowner.

The attachment as issued under the original bill was levied on two separate tracts of realty. One of these tracts was temporarily financed and the procedure for permanent financing evolved to the point the permanent

mortgage was to be placed on the property. The permanent financing could not be accomplished until the attachment and the various lien notices were released. The party holding the mortgage under the temporary financing threatened to forecose unless the liens were cleared and released of record. The owner D. H. Overmyer Warehouse Company thereupon offered to settle all claims filed against that particular tract. Some claimants refused to accept settlement for their claim on that tract unless Overmyer paid their claims against the other tract. The complainants objected to the settlement of the claims and release of the one tract from the litigation because it would remove from the control of the Court the *res* against which complainants alleged they were entitled to a fee for their solicitors of record. The matter was heard by the Chancellor and an order was entered which provided in part:

"* * * the defendants D. H. Overmyer Co., Inc. and Nixon Construction Co. should be allowed to settle any lien claim which has been sued on in this cause and obtain a release of lien therefor, provided, either that 15% of any lien claim so settled is either deposited with the Clerk and Master or escrowed with escrow agent satisfactory to the complainants and the lien claimants herein, or that said defendants agree to be liable for said 15% of any lien claim so settled, pending further orders of the Court as to what attorneys' fees and expenses, if any, shall be awarded complainants Tennessee United Paint Stores, Inc. and Abstract Builders, Inc., but without prejudice to any party's right to contest that said complainants are entitled to said fees and expenses.

Overmyer elected to stand liable for the 15% of any lien claim settled, proceeded to, and did, settle all claims filed against all property attached. No sale of the property attached was effected. The Orders of the Court dismissing the various claims after settlement recognized Overmyer was liable for an amount up to 15% of each claim dismissed as solicitor's fees, if any amount was found to be due.

After all claims were settled the complainants filed the present petition seeking attorney's fees for their solicitors. The Chancellor decreed the complainants the sum of $5,883.60 as fees for their solicitors, and entered judgment against the defendants therefor.

The defendant Overmyer appeals and asserts the complainants are not entitled to any amount as solicitor's fees, but if the complainants are so entitled the defendant does not question the amount awarded by the Chancellor.

The complainants appeal asserting they were, under the record, entitled to an amount of from $25,000.00 to $30,000.00 as solicitor's fees.

We will first consider the appeal of the defendant Overmyer which challenges the award of any attorney's fee.

Defendant Overmyer insists T.C.A. sec. 64-1311 which authorizes a general lienor's bill does not specifically authorize an attorney's fee to the solicitor of a complainant who files and prosecutes the suit. That statement is true, but not controlling.

In Pennington et al v. Divney, et al (1945) 182 Tenn. 207, 185 S.W.2d 514, complainants brought suit under Code Section 10358 (T.C.A. sec. 231-1001) on behalf of themselves, and other creditors of the defendant, and

sought to set aside as fraudulent and void against creditors a conveyance of described real estate. The Court held the sale void and ordered a sale of the realty for the payment of creditors. The Court noted the foregoing statute made no provision for the allowance of attorneys fees to the attorneys successfully prosecuting such suits. The fee was allowed; the Court holding it would be allowed pro rata out of the funds subject to the claims of creditors, and not from the surplus.

■ 'A proceeding under T.C.A. 64-1131 is a suit in the nature of a general creditor's bill. Gibson's Suits in Chancery, Vol. 2, 5th Ed., sec. 1078, 8, p. 353.

We conclude the fact T.C.A. sec. 64-1131 fails to specifically provide for an attorney's fee to complainants' attorney does not bar the award of such a fee which is otherwise allowable.

■ Where a complainant on behalf of himself and others, has gone into a court of equity and created or preserved assets in which others are entitled to share, such others will be required to contribute their share to the reasonable expenses of litigation, including reasonable fees to complainant's counsel. Electric Light Co. v. Gas Co. (1897) 99 Tenn. 371, 42 S.W. 19; Carmack v. Fidelity-Bankers Trust Co. (1944) 180 Tenn. 571, 177 S.W.2d 351; Pennington, et al. v. Divney, et al., supra; Bird v. Collette (1942) 26 Tenn.App. 181, 168 S.W.2d 797.

■ 'Admittedly, there was no sale of the property attached, and no fund was actually placed in court and paid out to intenvening creditors. On this aspect of the case the Chancellor stated:

"I deem it sufficient to say that by the attachment issued in this case the complainants obtained for themselves and for all the creditors satisfaction of their claims. That it was not done by the sale of the property and payment through Court was solely because of the exigencies of the financial situation of Overmyer.

"There is no doubt that there were many creditors unpaid and threatening lien suits. That there was no sale of the property was the result of Overmyer's desire to prevent such a result."

■ We recognize, as insisted by the defendant, the established case law of this state is to the effect a complainant who files a bill in the nature of a general creditor's bill is not entitled to attorneys' fees unless the action creates or preserves some fund or assets for the benefit of creditors.

It is also established the attorneys' fees thus allowed must come from the fund or assets thus preserved for the creditors, and cannot come from any surplus over and above the amount necessary to satisfy the claims of creditors. Moore v. Churchwell (1944) 27 Tenn.App. 443, 181 S.W.2d 959.

In the case at bar the Chancellor found, and we agree, claims of creditors totaling $117,672.00 were paid by the defendant Overmyer "as result of intervention in this cause." This amount was not paid into court, nor was the amount of 15% thereof to cover contingent attorney's fees placed in escrow, for the simple reason Overmyer chose to pay these claims and be personally liable for the contingent attorneys' fees up to 15% of that amount. The record does not reveal the figure at which Overmyer settled these claims.

Under the facts as presented, with numerous lien notices filed and several lienors threatening suit, the complainants were justified in filing the general lienors bill under T.C.A. sec. 64-1131. If the debtor Overmyer settles claims totaling $117,672.00 as result of this suit, under an arrangement whereby he in effect assumes the liability of the creditors so paid for attorney's fee due complainants' counsel, we hold the sum of $117,672.00 is to be treated as a fund created or preserved for the benefit of those creditors.

■ The defendant moved to dismiss the complainants' appeal because of complainants failure to make an appeal bond. The complainants filed in the Chancery Court, within the time allowed, an instrument which complainants contend is the appeal bond.

The instrument filed is on the regular form of Appeal Bond, and provides, "We, Tennessee Paint Stores and Abstract Builders, Inc., appellants, and surety, Henry M. Beaty Jr. and William D. Marshall, Jr. acknowledge ourselves indebted to D. H. Overmyer Co., Inc. appellees in the sum of * * *." The bond was executed for Tennessee Paint Stores by Henry M. Beaty, attorney, and for Abstract Builders, Inc. by William D. Marshall, attorney. The defendant claims this instrument does not constitute a bond because it is not signed by the named sureties.

The defendant contends the execution of a bond was a condition to appeal, and without a bond there is no appeal and this Court has no jurisdiction of the lawsuit, citing, Stricklin v. L. & N. R. R. Co. (1926) 2 Tenn.App. 141, 146, and England v. Young (1927) 155 Tenn. 506, 296 S.W. 14.

Defendant fails to cite a statute which requires a surety on the appeal bond of the complainant in this case. The appeal bond as required of the complainant would be for costs only. Gibson's Suits in Chancery, 5th Ed., Vol. 2, sec. 1335, p. 700, and cases cited at Footnote 80. On appeal to this Court where the appeal bond is for costs only, we do not find statutory requirement of a surety on the appeal bond.

We hold the lack of a surety on an appeal bond as required of complainants in this cause is a matter going to the sufficiency of the bond only. The lack of a surety does not render the bond void. Defendant's remedy was to proceed under T.C.A. sec. 27-317 by motion in the trial court to determine the sufficiency of the bond in the absence of a surety thereon. Defendant's motion to dismiss complainants' appeal is disallowed.

■ We will now consider the complainants' appeal concerning the amount of attorney's fee allowed by the Chancellor.

■ The amount of an award as attorney's fee is to be determined upon a consideration of all the facts and circumstances presented by the record, primarily the amount involved and available, the nature of the responsibility assumed by the attorneys, and the character and extent of the services which they have performed, not only in the technical litigation itself, but also in matters arising out of and incidental to such litigation. Carmack v. Fidelity-Bankers Trust Co., supra.

■ The allowance should be an exercise of judicial discretion, founded upon the knowledge of the Court making the allowance of the *real value of the services*

*performed*. Carmack case, supra, Trice v. Hewgley (1964) 53 Tenn.App. 259, 381 S.W.2d 589.

There is no general formula known whereby the value of legal services may be appraised. Other than the foregoing principles, the courts have no rule to follow. The complainants' insistence the amount determined should be based upon the total of all claims filed in the general lienor's suit is without merit. It was for the Chancellor to determine under the foregoing rules the value of the services of the attorneys in this particular case.

The Chancellor found eight claims "were paid as a result of intervention in this cause." These claims totaled $117,672.00. The Chancellor allowed attorneys' fees equal to 5% of that amount or the sum of $5,883.60.

The complainants insist the foregoing award in inadequate, and in their Propositions of Fact in this Court aver the defendants owed in excess of $258,000.00 to various contractors, sub-contractors and materialmen. The complainants do not state in this Court the exact amount upon which a claim for attorney's fees should be based. Error is assigned to the award of $5,883.60 because "the proof shows that an award of $25,000.00 to $30,000.00 was proper."

On the issue of the proper amount of the fee both sides introduced the testimony of competent, experienced attorneys. The Chancellor was not bound by this testimony even though complainants' witnesses did place the figure in the range of $25,000.00 to $30,000.00.

Under the principles heretofore cited, and from the facts of this case, there was no abuse of discretion by the Chancellor in the amount of claims considered, or the

percentage applied, to reach the amount of fee awarded. We affirm the Chancellor as to the amount of fee allowed in this case.

It results all assignments of error by all appealing parties are overruled, and the Decree of the Chancellor is affirmed. Cost of this appeal is adjudged one-half against the appellant and one-half against the appellee. Cost in the Chancery Court to remain as there adjudged.

Carney, P. J. (W.S.), and Nearn, J., concur.