Eleanor LEEK, Administrator
for the Estate of Doris D.
Lovelace, Appellee,

v.

Richard D. POWELL, Appellant.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Feb. 16, 1994.

Application for Permission to Appeal
Denied by Supreme Court,
Aug. 8, 1994.

Lloyd R. Tatum, Tatum & Tatum, Henderson, for appellee.

David M. Livingston, Brownsville, for appellant.

CRAWFORD, Judge.

Doris D. Lovelace[1] filed a "Petition for An Accounting"[2] in chancery court against defendant, Richard D. Powell. Plaintiff alleged that she and defendant had an "intimate relationship" and lived together as man and wife from 1977 until March of 1992. She averred that during this time, the parties jointly earned profits from business dealings with which they purchased a large amount of personal property as described in the exhibit attached to the complaint. Plaintiff averred that defendant had failed and refused to divide the personal property, and has denied plaintiff's entitlement to a part thereof. Plaintiff also alleged that the parties owned real estate on which rental was paid,. and defendant has refused to remit to plaintiff her share of the rental payments. She prayed for an accounting of all of the property owned by the parties and a judgment against the defendant for the amount of her share of the property and for her share of the rental payments due on the real estate jointly owned.

Defendant's answer admitted the relationship of the parties, but denied that plaintiff contributed an equal amount to the acquisition of the personal property. Defendant also denied the values placed on the personal property in the exhibit. Defendant admitted ownership of real estate as tenants in common, but denied the rental value of the property.

Defendant's counsel was allowed to withdraw by order entered August 10, 1992. The case was set for a non-jury trial on August 19, 1992. Defendant did not appear for the trial, and the trial proceeded as scheduled. The trial court's judgment, entered August 24, 1992, awarded plaintiff a money judgment in the sum of $24,729.97 for her interest in the personal property and real estate rentals, plus $2,000.00 in attorney fees for a total judgment of $26,729.97.

On August 21, 1992, defendant filed a motion for new trial, which alleges that plaintiff misrepresented to defendant that the trial would be postponed in order to attempt settlement, and that plaintiff's fraud prevented his attendance at the trial and allowed the resulting judgment for plaintiff. On November 6, 1992, defendant filed a motion to amend the motion for new trial, to include the following alleged errors of the trial court:

1. The trial judge erred in awarding any attorney's fees in this cause.

2. That trial judge erred in the judgment amount because

A. The amounts stated in the judgment were the original purchase prices and were not the fair market value.

B. The Judgment amount includes that amount of certain specific amounts which items were, at the time of trial, and are presently in the possession of the Plaintiff.

C. The Plaintiff failed to set off or reduce the judgment by the amount of certain items of personal property that were removed by the Plaintiff at the inception of this suit which were purchased by joint assets.

D. The Plaintiff defrauded the Court by wrongly and intentionally stating worthless items as valuable.

On the same date, defendant filed a motion to amend his answer to include the following additional defenses:

1. The Plaintiff, Doris D. Lovelace, has removed from the possession of the Defendant, Richard D. Powell, considerable as-

---

1. Ms. Lovelace died on February 16, 1993, and the administrator of her estate was substituted as a party plaintiff. References in the opinion to plaintiff will refer to Ms. Lovelace, unless otherwise shown.

2. Although styled in this manner, the complaint's exhibit listed the alleged jointly owned properties and sought a money judgment for plaintiff's share of the value.

sets of personal property that were purchased by joint monies accumulated by the parties during their relationship and have not been accounted for as of yet.

2. The Defendant, Richard D. Powell, [paid] unto the Plaintiff, Doris D. Lovelace, the sum of $111,000.00 as full and final settlement of all matter [sic] concerning personal property of the parties at the time of separation and hence there has been an accord and satisfaction of this cause of action.

After an evidentiary hearing on December 16, 1992, the trial court entered an order denying the motion for new trial. The order also granted defendant's motion to amend the answer and the motion to amend the motion for a new trial.

Defendant has appealed and the first issue for review is whether the trial court erred in refusing to grant a new trial because of the fraud and misrepresentation of the plaintiff. A review of the transcript of the motion evidentiary hearing reveals that defendant testified that a few days before trial plaintiff told him that the trial would be postponed in order for them to attempt settlement, and that in his presence she called her lawyer on the telephone and told him to postpone the trial so that settlement negotiations could be conducted. He also testified that he called his lawyer in her presence, told his lawyer that the trial would be postponed and that he would not need the lawyer's services. Plaintiff denied defendant's testimony and stated that she repeatedly told defendant that the trial would be held as scheduled. The record also indicates that the parties had an altercation approximately two days before the trial date, and defendant had instituted criminal proceedings against the plaintiff. The record also reveals, as heretofore noted, that defendant's counsel withdrew from the case by order entered August 10, 1992.

The trial court conducted the evidentiary hearing to resolve defendant's contention that the judgment resulted from plaintiff's fraud. As above noted, there was a sharp conflict in the testimony of the parties. Where issues in a case turn upon the truthfulness of witnesses, the trial judge, as the trier of fact in a non-jury case, has the opportunity to observe the witnesses and their manner and demeanor while testifying and is in a far better position than this Court to decide those issues. The weight, faith and credit to be given to any witness' testimony lies in the first instance with the trier of fact and the credibility accorded will be given great weight by the appellate court. *State ex rel. Balsinger v. Town of Madisonville,* 222 Tenn. 272, 435 S.W.2d 803 (1968); *Town of Alamo v. Forcum–James Co.,* 205 Tenn. 478, 327 S.W.2d 47 (1959).

Since the trial court conducted the evidentiary hearing sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d). From our review of the record, we do not find that the evidence preponderates against the trial court's implicit finding that the judgment was not the result of plaintiff's fraud.

The second issue for review is whether the trial court erred in awarding the plaintiff attorney fees. It is well settled in this state that in the absence of statutory authority or contractual agreement, an attorney fee incurred by plaintiff in recovering an award is not a proper element of damages. *Howard G. Lewis Const. Co. v. Lee,* 830 S.W.2d 60 (Tenn.App.1991).

Plaintiff asserts that she is entitled to an attorney fee under the "common fund" theory. We must respectfully disagree. This was a suit by a plaintiff against a defendant for a money judgment that did not involve rights of any other persons. An award of fees from a common fund applies when the plaintiff on behalf of himself and others by court action creates or preserves assets in which others are entitled to share. Under these circumstances, attorney fees are allowable. *See Tennessee United Paint Store, Inc. v. D.H. Overmyer Warehouse Co.,* 62 Tenn.App. 721, 467 S.W.2d 806 (1971). In the instant case, there is no common fund, and the trial court erred in awarding an attorney fee.

The third issue presented for review is whether the trial court erred in the amount of judgment awarded. Defendant asserts that in plaintiff's post-judgment deposition, she testified that her testimony at trial concerning values was based on the original purchase price of the individual articles of personalty. He also asserts that the judgment did not set off or reduce the judgment for the items of personal property that plaintiff retained. Defendant's theory concerning this issue is unclear to us. Apparently, he is asserting that evidence adduced after the judgment should be used to modify or reverse the judgment. This appears to be akin to seeking a new trial on the basis of newly discovered evidence. In ruling on a motion for a new trial on the grounds of newly discovered evidence, the trial court is vested with wide discretion. The moving party must show that it exercised due diligence in attempting to obtain the evidence prior to trial. *Brown v. Weik,* 725 S.W.2d 938 (Tenn. App.1983). Moreover, there is no transcript or statement of the evidence for the trial of the case, and the totality of the evidence introduced at the trial is unknown. In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee. *Lyon v. Lyon,* 765 S.W.2d 759 (Tenn.App.1988).

The judgment of the trial court is modified by vacating the award of attorney fees and the judgment as modified is affirmed. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.