**CITY OF KINGSPORT, a municipal corporation of the State of Tennessee, Plaintiff–Appellee,**

v.

**Ed STEWART, Defendant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Nov. 30, 1995.

Application for Permission to Appeal
Denied by Supreme Court
April 29, 1996.

Thomas F. Bloom, Nashville, for appellant.

J. Michael Billingsley, Kingsport, for appellee.

### OPINION

SUSANO, Judge.

After a bench trial, the defendant Ed Stewart was convicted of violating Section 6–311 of the City of Kingsport City Code. That section provides, in pertinent part, that it is "unlawful ... for the owner or occupant of a residential building, structure, or property to utilize the premises of such ... property for the open storage of any abandoned motor vehicle ..." He appeals his conviction and the trial court's imposition of a $50 fine and costs. He argues that the piece of equipment upon which his conviction was based was not an "abandoned motor vehicle." Alternatively, he argues that the City is estopped from prosecuting him because it failed to do so for 17 years and because it gave him "inadequate notice" of the alleged violation.

■ Since this is a non-jury case, our review is de novo; however, the record comes to us accompanied by a presumption of correctness that we must honor unless the evidence preponderates against the trial court's findings of fact. T.R.A.P. 13(d); Leek v. Powell, 884 S.W.2d 118, 120 (Tenn.App.1994).

■ Since 1977, the appellant has maintained on his property a piece of heavy construction equipment called a "Gradall." It was originally moved to the property in some

unspecified manner, but not under its own power. It is a motorized vehicle with an enclosed cab and a bed accommodating a piece of construction equipment. It has a single axle at the base of the cab and a double axle to the rear of the vehicle. There are tires on either side of each of these axles. The photographs in the record indicate that the tires were embedded in the ground at the time of the alleged violation. According to the testimony, the vehicle remained in one place from 1977 until it was removed on October 31, 1994. It is undisputed that the appellant's property is zoned residential.

The evidence does not preponderate against the trial court's determination that the Gradall was an "abandoned motor vehicle." The Kingsport City Code defined such a vehicle as "one that is in a state of disrepair and incapable of being moved under its own power." The appellant admitted that he had to perform maintenance on the vehicle in order to move it from the property. For 17 years, it remained on his property. It was utilized by his children as a play site, served as a "backstop" to prevent basketballs from rolling off his property, and otherwise identified the property line with his neighbor.

The appellant argues that the piece of equipment was not "abandoned" because he still claimed an interest in it. The simple answer to this is that the Kingsport Code's definition is the applicable one and this item was clearly "abandoned" under that definition.

The appellant also argues that this piece of equipment was not a "motor vehicle." We disagree. This vehicle fits the definition of a "motor vehicle" found at T.C.A. § 55–8–101(29):

> "Motor vehicle" means every vehicle which is self-propelled excluding motorized bicycles and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails;

■ Finally, the appellant argues that the City is estopped from prosecuting him because it failed to do so for some 17 years and because it failed to give him adequate notice of his alleged violation. With respect to the latter issue, the defendant's brief cites no authority for his argument and we are frankly at a loss to understand it. He was warned by a letter dated May 4, 1994, that he would be prosecuted unless he remedied the situation. It was not until August 19, 1994, that he was served with a summons. He acknowledged that he did not contact the author of the letter prior to receiving the summons. The defendant was the "author" of his own misfortune.

■ On the issue of estoppel, it is well established that this doctrine is generally not applicable to public agencies. *See Rives v. City of Clarksville*, 618 S.W.2d 502, 506 (Tenn.App.1981). There are no facts here that would make it applicable to this case.

The judgment of the trial court is affirmed. This case is remanded for the collection of costs below pursuant to applicable law. Costs on appeal are taxed to the appellant.

GODDARD, P.J., and FRANKS, J., concur.