# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 16, 2011 Session

## DAVID RAMEY v. JOHN CARROLL, COUNTY MAYOR OF PERRY COUNTY, TENNESSEE

### Direct Appeal from the Circuit Court for Perry County
### No. 3438      Robbie T. Beal, Judge

### No. M2010-01072-COA-R3-CV - Filed May 3, 2011

On remand, the trial court conducted a hearing regarding the reasonableness of attorney fees and awarded $20,000.00 in attorney fees to Appellee. In this appeal, Appellant contends that the trial court erred in awarding the fee because it failed to consider the requisite factors regarding fee reasonableness, it failed to differentiate between time spent on fee-generating versus non-fee-generating duties, and because it failed to comply with the requirements of Tennessee Rule of Civil Procedure 52.01. From our review of the record, we cannot say that the trial court abused its discretion in awarding $20,000.00 in attorney fees. Accordingly, the award is affirmed.

**Tenn. R. App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Douglas T. Bates, III, Centerville, Tennessee; Tommy E. Doyle, Linden, Tennessee, for the appellant, John Carroll, County Mayor of Perry County, Tennessee

Ernest W. Williams, Franklin, Tennessee, for the appellee, David Ramey

**MEMORANDUM OPINION**[1]

## I.  FACTS & PROCEDURAL HISTORY

In October 2006, Perry County Sheriff David Ramey ("the sheriff") filed suit against Perry County Mayor John Carroll ("the county") seeking relief under Tennessee Code Annotated section 8-20-101, a statute authorizing the sheriff, under certain conditions, to "make application to the judge of the circuit court in the sheriff's county, for deputies and assistants, showing the necessity therefore, the number required and the salary that should be paid each." *Ramey v. Perry County*, No. M2008-01571-COA-R3-CV, 2009 WL 2357081, at *1 (Tenn. Ct. App. July 30, 2009) *reh'g denied* (Tenn. Ct. App. Aug. 20, 2009) (quoting Tenn. Code Ann. § 8-20-101(a)(2)).  The complaint sought, among other things, additional deputies, a secretary, and a guard, as well as funding for gasoline, replacement vehicles, travel, and training.  *Id.*  The trial court ordered the county legislative body to provide two additional deputies, one additional detention officer at the jail, funding for gas for the sheriff's department, law enforcement equipment, and uniforms, badges, belts, and shoes.  *Id.* at *7.  The court ordered the county to pay $7,500.00 for the sheriff's expert witness, but denied the sheriff's request for attorney fees.  *Id.*  However, the court subsequently, without a hearing on the reasonableness of the fee, ordered that $25,000.00 in attorney fees be paid to the law firm that represented the sheriff.[2]  *Id.*

In the first appeal, this Court concluded that the trial court had failed to differentiate between the sheriff's requests based on duties that were fee-generating and those that were not.  Judge Bennett, writing for the Middle Section, explained:

> A court's authority under Tenn. Code Ann. § 8-20-101 with respect to sheriffs is limited.  Consistent with the language of Tenn. Code Ann. § 8-20-101(a)(2), a court is generally limited to authorizing salaries for deputies and

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] "Tenn. Code Ann. § 8-20-107 provides: 'The cost of all cases shall be paid out of the fees of the office collected by such officers, and they and each of them shall be allowed a credit for the same in settlement with the county trustee.' This provision has been interpreted to give a trial court the discretion to make an attorney fee award in a case brought pursuant to Tenn. Code Ann. § 8-20-101.  When the court makes such an award, 'the attorney's fee becomes a proper expense of the sheriff's office to be paid from funds available to the sheriff.'" *Ramey*, 2009 WL 2357081, at *14 (internal citations omitted).

assistants and directly related equipment and training necessary for their employment. *Bane v. Nesbitt,* No. M2006-00069-COA-R3-CV, 2006 WL 3694444, *12 (Tenn. Ct. App. Dec.14, 2006); *Jones* [*v. Mankin*, No. 88-263-II,] 1989 WL 44924, at *5 [Tenn. Ct. App. May 5, 1989].

Moreover, Tenn. Code Ann. § 8-20-101 has been interpreted to allow the courts to authorize additional personnel only with respect to the performance of certain duties. Sheriffs' duties were originally defined by the common law; later, many of the sheriffs' duties were prescribed by statute. *Jones,* 1989 WL 44924, at *4. A sheriff's statutory duties, which now encompass common law duties, include four main categories: "(1) serving the process and orders of the courts; (2) attending the courts; (3) operating the jail; and (4) keeping the peace." *Id.* These duties can also be categorized on the basis of the manner in which the sheriff is compensated for them:

> (1) The duties imposed and defined by statute. The fee to be paid for the performance of these duties generally is prescribed by statute.
>
> (2) Duties which the common law annexes to the office of sheriff (some of which are now covered by statute) for which no fee or charge is specified in payment. These duties are generally referred to as "ex officio" duties or services.

*Id.* at *5. The manner in which the sheriff is paid for a service has been held to determine the scope of a court's authority under Tenn. Code Ann. § 8-20-101:

> The determination of the value of the sheriff's ex officio services is particularly within the knowledge of the county legislative body. Accordingly, Tenn. Code Ann. § 8-24-111 (1988) gives the county legislative body complete control over the budget for the sheriff's ex officio services.

We should construe Tenn. Code Ann. §§ 8-20-101(2) and 8-20-120 harmoniously with Tenn. Code Ann. § 8-24-111. When read together, these statutes stand for the proposition that sheriffs can invoke the procedures in Tenn. Code Ann. § 8-20-101(2) only with regard to the personnel needed to perform the statutory duties for which the statutes provide a fee. *Thus, in considering a Tenn. Code Ann. § 8-20-101(2) application for increased*

*personnel-related expenditures, the courts may consider only those requests that are related to statutory duties for which the sheriff collects a fee. Jones,* 1989 WL 44924, at *5 (citations omitted) (emphasis added). This analysis has repeatedly been applied in subsequent cases. *See* [*Bane,* 2006 WL 3694444, at *8; *Dorning v. Bailey,* No. M2004-02392-COA-R3-CV, 2006 WL 287377, *7 (Tenn. Ct. App. Feb. 6, 2006),*] *Smith v. Plummer,* 834 S.W.2d 311, 314 (Tenn. Ct. App.1992)[.]

Under the rule quoted above, in considering a sheriff's application pursuant to Tenn. Code Ann. § 8-20-101, a court "may consider only those requests that are related to statutory duties for which the sheriff collects a fee." *Jones,* 1989 WL 44924, at *5.

*Ramey*, 2009 WL 2357081, at *10 (footnotes omitted). This Court determined that the evidence only supported the need for one new detention officer and a part-time detention officer, and we reversed the decisions regarding other expenditures for the sheriff's department. *Id.* at *14. We affirmed the $7,500.00 award for the sheriff's expert witness fee, but we remanded for a hearing regarding the reasonableness of the $25,000.00 attorney fee. *Id.* at *15.

Following a hearing on remand, the trial court awarded $20,000.00 in attorney fees to the sheriff.[3] The court further ordered that no interest would accrue on the attorney fees or the $7,500.00 previously ordered for expert fees. The county timely filed a notice of appeal along with a motion to stay the judgment pending appeal.

## II.   ISSUES PRESENTED

The county lists several issues for our review, which we consolidate as follows:

1.      Did the trial court abuse its discretion in awarding attorney fees of $20,000.00?

For the following reasons, we affirm the trial court's award.

---

[3]The sheriff's attorney reduced his fees to $20,000.00.

### III. STANDARD OF REVIEW

There is no fixed mathematical rule in this jurisdiction for determining a reasonable attorney's fee. ***Killingsworth v. Ted Russell Ford, Inc.,*** 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002). A determination of a reasonable attorney's fee is "necessarily a discretionary inquiry," and an appellate court will defer to a trial court's award of attorney's fees unless there is a showing of an abuse of the trial court's discretion. ***Id.*** (citing *United Med. Corp. of Tenn. v. Hohenwald Bank & Trust Co.,* 703 S.W.2d 133, 137 (Tenn. 1986); *Sanders v. Gray,* 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998); *Threadgill v. Threadgill,* 740 S.W.2d 419, 426 (Tenn. Ct. App. 1987)). "Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" ***Eldridge v. Eldridge,*** 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott,* 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland,* 22 S.W.3d 266, 273 (Tenn. 2000)). "The abuse of discretion standard does not permit an appellate court to substitute its judgment for that of the trial court." ***Williams v. Baptist Mem'l Hosp.,*** 193 S.W.3d 545, 551 (Tenn. 2006). In reviewing the award, we give deference to the trial judge, who is familiar with the customary fees awarded in similar cases in the county where the court is located. ***Taylor v. Harris,*** No. M2008-01579-COA-R3-CV, 2009 WL 2971047, at *3 (Tenn. Ct. App. Sept. 9, 2009). "These are matters customarily left to the discretion of the trial judge because the judge, of course, is familiar with the facts of the case and the manner in which it was litigated." ***Id.*** However, we will find that the trial judge abused his discretion if he applied an incorrect legal standard or reached a decision against logic or reasoning that caused an injustice to the party complaining. ***Williams,*** 193 S.W.3d at 551.

### IV. DISCUSSION

The factors to be considered in setting attorney's fees are those contained in Rule of Professional Conduct 1.5(a):

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
> (8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

In Tennessee, "[t]he determination of what constitutes a reasonable fee is [] a subjective judgment based on evidence and the experience of the trier of facts," to be made after considering the factors set forth above. *United Med. Corp. of Tenn*, 703 S.W.2d at 137. "The amount of time expended, and the hourly rate commonly charged by attorneys for doing similar work in the community, while important, are not the only, or even the controlling, factors to be considered." *Id.* at 136. Instead, "'[t]he amount of an award as an attorney's fee is to be determined upon a consideration of all the facts and circumstances presented by the record, primarily the amount involved and available, the nature of the responsibility assumed by the attorneys, and the character and extent of the services which they have performed, not only in the technical litigation itself, but also in matters arising out of and incidental to such litigation.'" *Id.* (quoting *Tenn. United Paint Store, Inc. v. Overmyer*, 467 S.W.2d 806, 810 (Tenn. Ct. App. 1971)).

On appeal, the county argues that the sheriff failed to provide evidence regarding these factors, and that the trial court erred in awarding attorney fees without consideration of these factors. Specifically, the county contends that "the record is [] silent regarding the experience, reputation and ability of the lawyer performing the legal services and skills required to perform such legal services." Additionally, it claims "there was an absence of proof that the requested rate per hour was reasonable or customary for charges in Perry County for cases of this type, any proof concerning the 'novelty and difficulty' of any issues in the case, and whether such issue would call for particular legal skill in this case."

The Affidavit submitted by the sheriff's counsel details 136.6 hours spent at a rate of $275.00 per hour over a fifteen-month period, for a total bill of $37,565.00, which he later agreed to reduce to $20,000.00. The sheriff's counsel testified at the hearing on remand; however, his testimony did not address the above-listed factors, with the exception that he agreed that he "attempt[ed] to hold [his] fees down[.]"

The trial court, from the bench, made the following findings:[4]

The Court has reviewed the Affidavit presented by [the sheriff's

---

[4]The trial court's April 13, 2010 order states that "*for reasons stated on the record*, the trial court found it was appropriate to award $20,000.00 for attorney's fees payable to the law firm of Williams & Schwalb, PLLC." (emphasis added). Thus, we find the order impliedly incorporated the trial court's oral ruling.

counsel]. The Court has worked as a practicing attorney with [the sheriff's counsel]. I have seen the manner by which he bills, I have seen him as a judge in court. I can honestly say, and I don't think it's been alleged by any party , that [the sheriff's counsel] is not the kind of attorney that has the reputation to overly bill or to bill for the sake of billing, and I don't believe that is reflected in any way in the Affidavit.

. . . .

Really, there is no other indication that [the sheriff's counsel] didn't devote a reasonable amount of time to this case. The fees that were charged by [the sheriff's counsel] were reasonable for the area. Certainly a lawyer of his skill has the ability to charge a little bit more than normal, and the fact is that I think he charged a very routine rate for this area, especially considering the very specific facts of this particular case.

. . . .

So I think the fees generally are reasonable.

Did [the sheriff] get what he wanted? No. Was he completely blameless? Definitely not. Did he get relief from the lawsuit he filed? Yes.

From this statement, it appears the trial court considered a number of the requisite factors, including the "time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly[,]" the "fee customarily charged in the locality for similar services[,]" "the results obtained[,]" and the "experience, reputation, and ability of the lawyer . . . performing the services[.]" *See* **Tenn. Rule Prof'l Conduct 1.5(a)**.[5] The trial judge was obviously acquainted with the sheriff's counsel's abilities, and because he presided over the original trial, he was certainly familiar with the intricacies of the case. Therefore, we find, in this case, that additional evidence beyond the Affidavit and the trial judge's experience was unnecessary. *See **United Med. Corp. of Tenn.***,

---

[5] In *Wright v. Wright*, --- S.W.3d ----, 2011 WL 1136245, at *14 (Tenn. Mar. 29, 2011), our Supreme Court instructed trial courts, when determining a reasonable attorney fee for the representation of a minor, to "develop an evidentiary record, make findings concerning each of the factors, and then determine a reasonable fee[. Furthermore,] [t]o enable appellate review, trial courts should clearly and thoroughly explain the particular circumstances and factors supporting their determination of a reasonable fee in a given case." (internal citations omitted). Insofar as these protections are applicable in the instant case, we find the trial judge's statement indicates that he considered the appropriate factors.

703 S.W.2d at 137 (The determination of what constitutes a reasonable fee is [] a subjective judgment based on evidence and the *experience of the trier of facts*[.]") (emphasis added).

The county also contends that the attorney fee award should be reversed because the trial court failed to differentiate between the attorney's time expended with regard to fee-generating versus non-fee-generating sheriffs' duties. Its brief states "It is readily apparent from the record that if [the sheriff's] attorney had restricted his time and effort to collecting, researching, [and] presenting evidence only related to fee-generated duties, his time and expenses affidavit would have been considerably shorter." Apparently to demonstrate that the sheriff's attorney did not focus solely on fee-generating duties, the county's brief cites the testimony of witnesses called by the sheriff at the original trial in this matter, which is not included in the record before us, related to non-fee generating duties.

At the hearing on attorney fees, when questioned as to "[w]hat percent[age] of [his] research had to do with fee-generating duties," the sheriff's attorney responded, "I can't tell you because . . . it's all intermingled with the way Perry County operates." He explained that some counties have separate divisions for fee and non-fee duties. However, Perry County "had two deputies on any one given shift, except for one shift and there was three deputies out there, and all these deputies were all doing the same duties."

The trial court orally stated that "I don't think if [the sheriff's counsel] had streamlined those issues to just fee-generating activities [that] it would have saved any realistic amount of attorney's fees or any real time in court. I just don't believe that." The county has cited no evidence, properly within the record before us, to demonstrate otherwise.

Finally, the county claims that the attorney fee award should be reversed based on the trial court's failure to comply with the requirements of Tennessee Rule of Civil Procedure 52, which provides, in relevant part, that "In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." We note that the county's brief provides insufficient argument regarding this issue. However, we, nonetheless, find that the trial court's oral ruling, which was incorporated into its order and quoted in part above, satisfied the Rule's requirements.

From our review of the record, we cannot say that the trial court abused its discretion in awarding $20,000.00 in attorney fees.  Accordingly, the award is affirmed.[6]

## V.   CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court.  Costs of this appeal are taxed to Appellant, John Carroll, County Mayor of Perry County, Tennessee, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[6]In the "Conclusion" section of his brief as well as at oral argument before this Court, the sheriff asked for post-judgment interest on the attorney fee award.  "The failure of a party to cite to any authority or to construct an argument regarding his position on appeal constitutes waiver of that issue." *Boggs Kurlander Steele, LLC v. Horizon Commc'ns,* No. M2006-00018-COA-R3-CV, 2008 WL 490628, at *4 (Tenn. Ct. App. Feb. 21, 2008) (citing *Newcomb v. Kohler Co.,* 222 S.W.3d 368, 402 (Tenn. Ct. App. 2006); *see also Rector v. Halliburton,* No. M1999-02802-COA-R3-CV, 2003 WL 535924, at *9 (Tenn. Ct. App. Feb. 26, 2003) (per curiam); *Rhea County v. Town of Graysville,* No. E2001-02313-COA-R3-CV, 2002 WL 1723681, at *7 (Tenn. Ct. App. July 25, 2002)).  Because the sheriff's brief request does not provide the "argument" and "citation to the authorities" required by Tennessee Rule of Appellate Procedure 27(a), we find he has waived his right to have this issue considered by this Court.