

**FILED**
**Jun 21, 2023**
**01:15 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Janice Bogard | ) Docket No.     2022-08-1007 |
| | ) |
| v. | ) State File No.  60211-2022 |
| | ) |
| Federal Express Corp., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Shaterra R. Marion, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee challenges the trial court's determination that she is not likely to prevail at trial in proving compensable injuries to her right foot and ankle and its denial of her request for benefits. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Janice Bogard, Memphis, Tennessee, employee-appellant, pro-se

Salwa Adnan Bahhur, Memphis, Tennessee, for the employer-appellee, Federal Express Corp.

### Memorandum Opinion[1]

Janice Bogard ("Employee") was working as a handler in a warehouse for Federal Express Corp. ("Employer") on October 7, 2021, when she reported lifting a package of metal, some of which fell onto her left foot.[2] She was initially evaluated by an athletic

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] Exhibit 3 was a handwritten statement signed by Employee specifying that her left foot was struck during an accident that occurred on October 6, 2021. The trial court noted that the incident occurred

trainer at Employer's on-site clinic, where she received conservative care for a left ankle injury. The records indicate that, after a few visits, Employee reported she did not need additional care, and she was released with no work restrictions on October 11, 2021.

Over ten months later, on August 15, 2022, Employee presented to Concentra with complaints of right ankle and foot pain. The records reflect that she reported dropping a box of metal parts on her right foot and ankle at work on March 10, 2022. She was diagnosed with a sprain of the right ankle. X-rays revealed soft tissue swelling and no acute bony abnormalities. The attending provider ordered physical therapy, which Employee attended.

Employee returned to Concentra several days later complaining of swelling in the right ankle, and her physical examination revealed mild lateral swelling and full range of motion. She was again diagnosed with a sprain of the right ankle, which the record reflects occurred on March 10, 2022. An additional notation in the record states, "WC lady states she probably needs an MRI because the [date of injury] is really October of 2021." There is nothing in the record identifying the "WC lady" and no indication that an MRI was ever ordered.

On March 20, 2023, Employee saw Dr. Adam Libby for complaints of right foot pain. She reported having experienced the pain for the past 18 months after dropping a heavy object on her *right* foot in October 2021. She stated that she had continued to experience right foot pain and swelling since the injury. Dr. Libby diagnosed peroneal tendinitis of the right leg, right foot pain, and tendonitis of the right ankle. He prescribed medications and recommended stretching, compression, and supportive footwear.

Employee filed a petition for benefit determination on September 13, 2022, in which she requested medical care for an October 7, 2021 injury to her right foot and ankle. The parties attended an expedited hearing on March 27, 2023, during which Employee requested medical and temporary disability benefits arising from alleged injuries to her right ankle and foot. Employer maintained that the right foot and ankle injuries were not compensable. After the hearing, the trial court found that Employee had not shown she would likely prevail at a hearing on the merits in establishing she suffered a compensable injury to her right foot and ankle in October 2021. The court relied on the initial records from the on-site clinic, which indicated Employee had sought treatment for *left* foot and ankle injuries, with no mention made of right foot and ankle injuries over the course of multiple visits. The court also concluded that Employee's explanation of those discrepancies was not credible, noting the tone and manner of her testimony. Employee has appealed.

---

either in the late evening of October 6 or the early morning of October 7. The specific date of the October 2021 injury is not in dispute in this appeal.

In her notice of appeal, Employee asserts that the trial court should not have considered the records from the on-site clinic because they were not the records of a medical doctor. In a subsequent document Employee submitted, which we have treated as her brief on appeal, she argues that she objected to the admission of these records and that the trial court's decision should be overturned on that basis. However, we have not been provided a transcript of the hearing, and the trial court's order makes no mention of an objection to the records. Hence, our ability to meaningfully review the evidence presented and the trial court's determinations, including any rulings related to evidentiary objections, is significantly hampered.[3] As we have noted previously, when no transcript is provided, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, in the absence of a transcript, we must presume the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

The record before us reflects that Employee reported injuries to her *left* foot and ankle on October 7, 2021. She received limited conservative care and was released a few days later with no work restrictions. The next medical report contained in the record is dated ten months later and reflects complaints of injuries to her *right* foot and ankle arising from a work accident that purportedly occurred on March 10, 2022. Thereafter, she reported to Dr. Libby that the right ankle injury occurred in October 2021. Thus, we conclude the documentary evidence does not support Employee's assertions, and Employee's explanation of the inconsistencies in the records was not accepted by the trial court as credible. We accord credibility determinations deference on appeal, especially in the absence of a transcript of the hearing. *See, e.g., English v. G4S Secure Solutions*, No. 2016-05-0261, 2017 TN Wrk. Comp. App. Bd. LEXIS 12, at *4 (Tenn. Workers' Comp. App. Bd. Feb. 2, 2017) ("A trial court's findings regarding witness credibility are entitled to deference on appeal.").

In short, we cannot conclude that the evidence preponderates against the trial court's determination that Employee is not likely to prevail at trial in establishing she suffered a compensable injury to her right foot and ankle in October 2021. For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.

---

[3] Employer failed to file a brief in this appeal, which also limits our ability to review the trial court's decision.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Janice Bogard | ) | Docket No.  2022-08-1007 |
| | ) | |
| v. | ) | State File No.  60211-2022 |
| | ) | |
| Federal Express Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of June, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Janice Bogard | | | | X | janicebogard50@gmail.com |
| Salwa Bahhur | | | | X | salwa@swlawpllc.com |
| Timothy Kellum, Attorney, Subsequent Injury and Vocational Recovery Fund | | | | X | timothy.kellum@tn.gov |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov