

FILED

December 8, 2014

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:54 AM

**TENNESSEE DIVISION OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Employee:  Darrius Higgins | ) | Docket No.  2014-01-0007 |
| | ) | |
| Employer:  Big K Food Market and Liquors, Inc. | ) | State File No.  68130-2014 |

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Order and Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims in the referenced case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order and Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 8th day of December, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Carmen Ware, Employee's Attorney | | | | | X | cyware@thewarelawfirm.com |
| Big K Food Market and Liquors, Inc. | X | X | | | | Mail  c/o  Hasem Kaddoura, 8 Trenton Street,  Red Bank, TN 37415 |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |
| Compliance Program | | | | | X | WCCompliance.Program@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



FILED

December 8, 2014

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:54 AM

**TENNESSEE DIVISION OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Employee: Darrius Higgins | ) | Docket No. 2014-01-0007 |
| | ) | |
| Employer: Big K Food Market & Liquors, Inc. | ) | State File No. 68130-2014 |
| | ) | |
| Appeal from the Court of Workers' Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

**Affirmed and Remanded – Filed December 8, 2014**

---

**ORDER AND OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS**

This interlocutory appeal involves an employee who alleges work-related injuries to his right knee and neck when a vehicle struck his employer's building on August 6, 2014. The employer asserted that the employee was not working within the course and scope of his employment at the time of the incident and is therefore not entitled to workers' compensation benefits. At the expedited hearing, the employee did not appear but his attorney did. The employer, a corporation, was not represented by legal counsel at the expedited hearing. Counsel for employee called as witnesses several representatives of the employer. Upon completion of the expedited hearing, the trial court entered an order denying the employee's request for temporary disability and medical benefits. The employee has appealed. Having carefully reviewed the record, we affirm the decision of the Court of Workers' Compensation Claims.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley, joined.

Carmen Ware, Chattanooga, Tennessee, for the employee-appellant, Darrius Higgins

Big K Food Market and Liquors, Inc., Chattanooga, Tennessee, *pro se*

1

**Factual and Procedural Background**

Darrius Higgins ("Employee") is a 42 year old resident of Hamilton County, Tennessee. On August 6, 2014, he was newly employed by Big K Food Market and Liquors, Inc. ("Employer") as a third-shift stock person for a two-week trial period. His supervisor had requested that he come to work at approximately 10:00 a.m. on the morning of the incident to observe deliveries of product made to the store. At approximately 11:00 a.m. the deliveries were completed and Employee was advised that he could leave the premises and return when his shift started that evening at 6:00 p.m.

At approximately 1:37 p.m., Employee was apparently on Employer's premises when a third party drove a vehicle through the parking area and struck an ice box located adjacent to the store building, causing the building to jolt. Employee alleges that he suffered neck and right leg injuries due to the incident. According to medical records admitted into evidence during the expedited hearing, Employee appeared at Memorial Health System's emergency room at approximately 2:30 p.m., about one hour after the incident. He was diagnosed with right knee pain and cervicalgia. Three days later, he appeared at Baroness Erlanger Emergency Department, this time complaining of left neck and left shoulder pain. The medical report includes a description of the incident and noted Employee's statement that the collision "just made him jump and pulled muscle in neck." He was diagnosed with cervical pain and left shoulder pain.

A Petition for Benefit Determination was filed on behalf of Employee on August 29, 2014. Following unsuccessful mediation efforts, a Dispute Certification Notice was issued September 30, 2014. Thereafter, counsel for Employee filed a Request for Expedited Hearing on October 6, 2014. At the expedited hearing, conducted on November 3, 2014, Employee did not appear, but his attorney did. Representatives of Employer appeared at the hearing, apparently at the request or subpoena of Employee's attorney. During the course of the hearing, Mr. Hasem Kaddoura was designated as the "company representative" and allowed to remain in the hearing room during the proceedings. Other witnesses were subject to the sequestration rule. Employer, a corporate entity, did not have counsel at the expedited hearing.

Following the hearing, the trial court issued an Order Denying Medical and Temporary Disability Benefits on November 14, 2014. A Notice of Appeal was filed November 19, 2014. Employee's counsel also filed a Motion to Withdraw as Counsel on November 19, 2014. On December 1, 2014, the trial court denied the Motion to Withdraw. The record on appeal was submitted to the Appeals Board and a docketing notice was issued on December 2, 2014. For the reasons explained below, the trial court's decision is affirmed.

2

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(2) (2014).

In applying this standard, courts have construed substantial and material evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993)(quoting *Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### A. Record on Appeal

It is well-settled in Tennessee that the appealing party has the burden to ensure that an adequate record is prepared on appeal. As the Supreme Court's Special Workers' Compensation Appeals Panel explained in *Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451 (Tenn. Workers' Comp. Panel May 19, 2004):

The appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. Tenn. R. App. P. 24(b). We are provided

with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence. *Manufacturers Consol. Service v. Rodell*, 42 S.W.3d 846, 865 (Tenn. App. 2000).

*Id.* at *6-7.

Including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. As one court has explained, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). Indeed, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Id. See also Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Dec. 21, 2012) ("[w]ithout a transcript or a statement of the evidence, we cannot review the evidence"); *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found in favor of the Appellee."). In short, "[a]n incomplete appellate record is fatal to an appeal," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell*, 2012 Tenn. App. LEXIS 894, at *10.

In the present case, as in *Vulcan Materials*, the Appeals Board was provided with no record of any testimony taken during the expedited hearing. Moreover, no statement of the evidence was offered by the appellant. Under the circumstances, the Appeals Board will presume that the trial court's rulings were supported by sufficient evidence.

4

## B. Burden of Proof

For dates of injury after July 1, 2014, "this chapter shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction." Tenn. Code Ann. § 50-6-116 (2014). An employee has the burden of proving each element of his or her workers' compensation claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6); *Elmore v. Travelers Ins. Co.*, 824 S.W.2d 541, 543 (Tenn. 1992). This includes the burden of proving that an alleged "injury by accident" occurred in the "course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). In the present case, the trial court determined that "at the time the vehicle struck Employer's store, Employee was not engaged in activity in the course and scope of his employment with Employer." As noted above, without a transcript or statement of the evidence, we presume the trial court's conclusion is correct.

## C. Representation of Corporations

On the Notice of Appeal form, counsel for Employee added a handwritten addendum, stating:

> Employee renews his objection to the allowing of Hasem Kaddoura to present and introduce evidence, particularly the video surveillance, and the examination and/or cross examination of witnesses on behalf of the corporate Defendant/Employer, Big K Food Market and Liquors, Inc. in violation of Tenn. Code Ann. § 23-3-101 *et seq.*

Tennessee Code Annotated section 23-3-103(a) provides that "[n]o person shall engage in the practice of law . . . unless the person has been duly licensed and while the person's license is in full force and effect, *nor shall any association or corporation engage in the practice of law. . . .*" Tenn. Code Ann. § 23-3-103(a) (2014) (emphasis added).

Rule 0800-02-21-.05 of the Rules of the Tennessee Department of Labor and Workforce Development likewise addresses representation of parties. Subparagraph (1)(c) specifically provides that "[a]ny corporation or other artificial person may participate through a duly authorized representative such as an officer, director or appropriate employee, *but must be represented by counsel in all proceedings occurring in the court of workers' compensation claims and the board of workers' compensation appeals.*" Tenn. Comp. R. & Regs., 0800-02-21-.05(1)(c) (2014) (emphasis added).

In the present case, counsel for Employee chose to present testimony from several representatives of Employer during Employee's case-in-chief. The record is devoid of information as to what actions, if any, were taken by a representative of Employer to introduce evidence, or examine (or cross-examine) witnesses, beyond the scope of what

5

was asked during the direct examination by Employee's counsel. Likewise, the record is devoid of any objections to the admissibility of any such evidence.[1] If such evidence was offered for admission by a representative of Employer beyond the scope of what was asked by Employee's counsel during direct examination, it was error to allow the introduction of such evidence. Similarly, if a representative of Employer was allowed to examine or cross-examine witnesses, this was error. In compliance with Tennessee Code Annotated section 23-3-103 and Rule 0800-02-021-.05(1)(c), Employer corporation cannot practice law, cannot represent itself in the Court of Workers' Compensation Claims and cannot seek to introduce evidence or examine a witness through a "duly authorized representative." However, because the trial judge specifically held that his decision was based "primarily on the testimony of Nimat Kaddoura," a witness called by Employee's counsel, and because Employee apparently failed to offer any testimony to show that he was on the premises in his capacity as an employee at the time of the incident, any error in the introduction of evidence was harmless.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision that Employee did not meet his burden of proving that he sustained an injury by accident occurring in the course and scope of his employment. Further, we find that the trial court's decision does not prejudice the rights of the parties or otherwise violate the standards set forth in Tennessee Code Annotated section 50-6-217(a)(2). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings which may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

---

[1] The Order Denying Medical and Temporary Disability Benefits discusses the testimony of the witness who authenticated the surveillance video and includes a description of what was depicted on the video viewed by the trial judge, but does not specify at what point the video was offered as an exhibit and/or whether an objection was made to its introduction.

6