

**FILED**

December 16, 2014

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:50 AM



### TENNESSEE DIVISION OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

Employee: Robert Lindsey Reno )   Docket No. 2014-01-0013
                               )
Employer: Xtreme Concrete Pumping, Inc. )   State File No. 60650-2014

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Order and Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims in the referenced case.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order and Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 16th day of December, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|------|
| Michael Wagner, Employee's Attorney | | | | | X | maw@wagnerinjury.com |
| Jenny R. Ebersole-Foster, Employer's Attorney | | | | | X | Jebersole-foster@morganakins.com |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

**FILED**

December 16, 2014

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE DIVISION OF WORKERS' COMPENSATION <span>Time: 10:50 AM</span>
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Robert Lindsey Reno ) | Docket No. 2014-01-0013 |
| ) | |
| Employer: Xtreme Concrete Pumping, Inc. ) | State File No. 60650-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas L. Wyatt, Judge ) | |

---

**Affirmed and Remanded – Filed December 16, 2014**

---

## ORDER AND OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who claims to have injured his back lifting a bucket of concrete slurry from his employer's truck on July 28, 2014. The employer accepted the injury as compensable but refused to pay temporary disability benefits on the basis that the employee performed landscaping work for a third party after his injury on July 28, 2014. Following an expedited hearing, the trial court found that temporary disability benefits were appropriate. The employer has appealed. Having carefully reviewed the record, we affirm the decision of the Court of Workers' Compensation Claims.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge Timothy W. Conner and Judge David F. Hensley, joined.

Jenny R. Ebersole-Foster, Chattanooga, Tennessee, for the employer-appellant, Xtreme Concrete Pumping, Inc.

1

Michael Wagner, Chattanooga, Tennessee, for the employee-appellee, Robert Lindsey Reno

**Factual and Procedural Background**

Robert Reno ("Employee") is a 29-year old resident of Hamilton County, Tennessee.[1] He was employed as a truck driver and concrete worker by Xtreme Concrete Pumping, Inc. ("Employer"). On July 28, 2014, Employee injured his back lifting a bucket of concrete slurry. Employer accepted the injury as compensable, and Employee received authorized medical treatment from Fast Access Healthcare and Dr. Todd Bonvallet, an orthopedic surgeon.

On August 28, 2014, Employee had restrictions placed on his activities by a physician's assistant at Fast Access Healthcare of no lifting, pushing or pulling greater than fifteen pounds, along with no bending or squatting. Dr. Bonvallet continued the same restrictions and, following an MRI, diagnosed Employee with spondylosis and a disk protrusion at the L4-5 level. Other than providing light duty work for two or three hours, Employer did not offer light duty work that accommodated Employee's restrictions. Employer refused to pay Employee temporary disability benefits on the basis that he performed landscaping work for a third party after he injured his back on July 28, 2014, thus demonstrating he could work.

On September 23, 2014, Employee filed a Petition for Benefit Determination seeking temporary disability benefits. In his petition, Employee described the nature of his work as "heavy manual labor" and indicated he was lifting a five-gallon bucket of slurry onto the back of a concrete pump truck when he "twisted and felt [a] low back pull." Following unsuccessful mediation efforts, a Dispute Certification Notice was issued on October 20, 2014. Thereafter, Employee filed a Request for Expedited Hearing on October 29, 2014.

At the expedited hearing, conducted on November 6, 2014, Employer took the position that Employee had performed landscaping work for Robert Hodson after the date he claims to have injured his back. According to the trial court's order filed on November 20, 2014, Employer's owner, Allen Hixson, testified that, prior to July 28, 2014, Employee told him that Mr. Hodson had asked Employee about building a rock wall at Mr. Hodson's residence. Mr. Hixon believed that Employee built the wall, though he never observed Employee working at Mr. Hodson's residence. Employer asserted that because Employee was able to perform the rock work for Mr. Hobson, he was not entitled to an award of temporary disability benefits.

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. Thus, we have gleaned the factual background from the pleadings, exhibits introduced at the expedited hearing, and the trial court's order entered after the hearing.

Employee denied working for other employers or earning any income in a self-employed capacity since his injury on July 28, 2014. He also denied performing the landscaping job for Mr. Hodson, though he apparently admitted accompanying his girlfriend when she purportedly performed the work at Mr. Hodson's residence. According to Employee, he sat in a chair or in his car and, other than providing instructions, did nothing to assist his girlfriend with the work. Thus, Employee asserted that he was entitled to temporary disability benefits from July 28, 2014, forward. He also maintained that the wages itemized on the wage statement admitted into evidence were inaccurate.

Following the expedited hearing, the trial court concluded that Employee's back injury was work-related and that, other than working two or three hours for which he was paid $25 by Employer, Employee had not worked or earned income from any source since the work injury of July 28, 2014. The trial court also found that because no medical evidence had been introduced establishing that Employee's activities were restricted before August 28, 2014, Employee's period of temporary disability began August 29, 2014 and continued until he was no longer eligible for such benefits. Employer subsequently filed a timely notice of appeal on November 26, 2014. The record on appeal was submitted to the Appeals Board and a docketing notice was issued to the parties on December 9, 2014. For the reasons explained below, the trial court's decision is affirmed.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or
(E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(2) (2014).

3

In applying this standard, courts have construed substantial and material evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### A. Record on Appeal

It is well-settled in Tennessee that the appealing party has the burden to ensure that an adequate record is prepared on appeal. As the Special Workers' Compensation Appeals Panel has explained,

> [t]he appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

*Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *6-7 (Tenn. Workers' Comp. Panel May 19, 2004) (citation omitted).

Including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. As one court has observed, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). Indeed, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at 7. *See also Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Dec. 21, 2012) ("Without a transcript or a statement of the

4

evidence, we cannot review the evidence . . . ."); *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). In short, "[a]n incomplete appellate record is fatal to an appeal," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell*, 2012 Tenn. App. LEXIS 894, at *10.

In the present case, we have been provided with no record of any testimony taken during the expedited hearing which, according to the trial court's order, was relied upon by the trial court to resolve the issues. Moreover, no statement of the evidence has been filed by either party. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we presume that the trial court's rulings were supported by sufficient evidence.

## B. Burden of Proof

For injury dates on or after July 1, 2014, "this chapter shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction." Tenn. Code Ann. § 50-6-116 (2014). An employee has the burden of proving each element of his or her workers' compensation claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2014); *Elmore v. Travelers Ins. Co.*, 824 S.W.2d 541, 543 (Tenn. 1992). This includes the burden of proving that an alleged "injury by accident" arose "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). Similarly, when a worker is seeking temporary disability benefits, as in this case, the worker must prove that he or she is entitled to such benefits. *See Gray v. Cullom Machine, Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004).

In this case, the trial court made several factual findings: (1) Employee injured his back on July 28, 2014, while lifting a bucket of concrete slurry in the course and scope of his employment with Employer, (2) other than working two or three hours for which he was paid $25 by Employer, Employee has not worked or earned income from any source since the work injury, (3) the authorized treating providers restricted Employee's activities since August 28, 2014, due to his work injury, and (4) Employee's average weekly wage was $363.48, resulting in a compensation rate of $242.32 per week. Based upon these findings, the trial court ordered Employer to pay temporary disability

5

benefits from August 28, 2014 to November 19, 2014, with temporary benefits continuing until Employee is no longer eligible for such benefits. As noted above, without a transcript or a statement of the evidence, we have no choice but to presume that the trial court's findings are correct. *Vulcan Materials*, 2004 Tenn. LEXIS 451, at \*7 ("In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.").

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's findings that Employee's back injury is work-related and that he is entitled to temporary disability benefits as specified in the trial court's order of November 20, 2014. Further, we find that the trial court's decision does not violate the standards set forth in Tennessee Code Annotated section 50-6-217(a)(2). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings which may be necessary.

**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

6