**FILED**
**Jul 08, 2020**
**10:48 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Alisha Thomas | ) | Docket No.    2017-08-0024 |
| | ) | |
| v. | ) | State File No.  95463-2015 |
| | ) | |
| Federal Express Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Certified as Final

---

In 2017, the trial court approved a settlement of the employee's claim that provided an original award of 45 weeks of benefits based upon a 10% medical impairment. At the expiration of the 45-week original benefit period, the employee filed a petition for increased benefits alleging she was permanently totally disabled or, alternatively, she was entitled to extraordinary benefits in accordance with Tennessee Code Annotated section 50-6-242(a)(2). The trial court conducted a hearing to determine whether the employee was entitled to increased benefits and concluded the employee was not permanently totally disabled and was not entitled to extraordinary benefits as provided in section 50-6-242(a)(2). The court did, however, award additional disability benefits in accordance with Tennessee Code Annotated section 50-6-207(3)(B) based upon the employee not having returned to work at the expiration of the 45-week original benefit period. The employee has appealed but has not filed a transcript of the hearing or a joint statement of the evidence and has not identified any issues on appeal nor provided any legal argument addressing how she contends the trial court erred. Having carefully reviewed the record, we affirm the trial court's decision and certify the trial court's order as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Alisha Thomas, Memphis, Tennessee, employee-appellant, pro se

Stephen Vescovo, Memphis, Tennessee, for the employer-appellee, Federal Express Corp.

## Memorandum Opinion[1]

Alisha Thomas ("Employee") suffered compensable injuries arising out of and occurring in the course and scope of her employment with Federal Express Corp. ("Employer") on November 23, 2015, when she was struck by a package that fell from a conveyor. Employer provided workers' compensation benefits, including authorized medical care with Dr. Alan Nadel, a neurologist, who diagnosed post-traumatic headaches. After complaining of back pain, Employee was referred to Dr. Kevin Coates at Memphis Orthopedic Group and was eventually released from his care with no restrictions or permanent medical impairment. Following her release from Dr. Coates, Employee returned to Dr. Nadel who referred her to a psychiatrist.

Employee selected Dr. Melvin Goldin from a panel of psychiatrists and first came under his care in May 2016. Dr. Goldin provided treatment and assigned a 10% permanent impairment rating for "somatic symptom disorder" that he attributed to Employee's work injury. On March 2, 2017, the parties entered into a settlement agreement that stated Employee had reached maximum medical improvement on November 14, 2016, and that she retained a 10% permanent impairment. The settlement agreement provided 45 weeks of permanent disability benefits, stating that the 45-week original benefit period would expire on September 25, 2017, and contemplated that Employee may have a claim for increased disability benefits at the expiration of the original benefit period.

In October 2017, Employer scheduled a medical evaluation of Employee with psychiatrist Dr. Mark Webb. Dr. Webb concluded in his report that Employee was "suffering with possible Bipolar Disorder with accompanying histrionic personality traits," and that she "has no work-related psychiatric injury." He recommended that Employee "continue treatment with Dr. Goldin to help her with her pre-existing Bipolar Disorder and/or Histrionic Complaints." Employee subsequently deposed Dr. Goldin.[2] In the April 27, 2018 deposition, Dr. Goldin stated that Employee's 2015 work accident exacerbated any pre-existing psychiatric condition she may have had. He stated that, while Employee's belief in the severity of her physical injury was "clearly delusional," her ongoing need for treatment was related to the work injury. He also stated that Employee was unable to return to her job with Employer because of her "perception of very severe physical injury coupled with anger at almost everyone who's had anything to do with her employment, care and treatment[,] and evaluation."

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Employee's attorney later withdrew from the case, and Employee has proceeded in a self-represented capacity since that time.

On May 4, 2018, Employee filed a petition for increased permanent disability benefits alleging that she had not returned to work and that she was either permanently totally disabled or, alternatively, she was entitled to extraordinary benefits as provided in Tennessee Code Annotated section 50-6-242(a)(2). In December 2018, Dr. Webb was deposed. He testified that Employee "suffers with preexisting histrionic personality traits . . . [and is] making mountains out of mole hills, blowing things out of proportion, [and] making bizarre statements" that he said is "very typical for somebody with histrionic issues." He stated he would not relate her condition to the 2015 work injury and that he thought she needed to "go back to work as soon as possible." Further, he stated that "[t]he workplace injury is not affecting or exacerbating or prolonging her preexisting symptoms."

The parties deposed Dr. Goldin a second time on April 26, 2019, at which time Dr. Goldin addressed Employee's recent hospitalization at a mental health facility and stated he was uncertain whether the hospitalization was related to the 2015 work injury. He testified that Employee may have suffered from a "severe impairment pre[-]morbidly," and that Employee's "degree of distress and impairment . . . was causing [him] to question whether [Employee's condition] was actually connected" to the 2015 work injury. Dr. Goldin further stated that he did not believe the "somatoform disorder" he had previously diagnosed "accounts for the level of psychotic, delusional preoccupation" Employee was experiencing. He said "[t]here is an additional diagnosis which I have not made thus far officially," adding that he "would have to give that some thought . . . [b]ut it's definitely a psychotic disorder." He indicated he continued to believe Employee was unable to return to work due to her psychiatric difficulties, which he said included "anger at family members, medical care providers, and others associated with her workers' compensation injury and claim."

Following a January 2020 hearing, the trial court concluded Employee had established an entitlement to increased benefits by virtue of not having returned to work, but that she was not entitled to the multipliers associated with age, education, or the unemployment rate. The court also concluded she was not entitled to extraordinary benefits considering Dr. Goldin's most recent testimony, and that Employee did not establish that her inability to work was "a result of the injury" as required by Tennessee Code Annotated section 50-6-242(a). Based on the same reasoning, the court concluded that Employee did not prove she was permanently totally disabled. Employee has appealed.

Employee filed a statement with her notice of appeal that raises multiple complaints regarding the nature of her injury, the limitations she faces in her daily life as a result of her injury, and her perception that representations were made to her at the time of her 2017 settlement regarding her entitlement to additional permanent disability benefits. However, Employee failed to identify any issue for our review in her notice of appeal and has not made any meaningful argument to explain any errors she believes the

trial court may have made. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law clearly prohibits. Appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Moreover, Employee did not file a transcript of the proceedings in the trial court or a joint statement of the evidence. In the absence of a record of the testimony presented at the hearing, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

For the foregoing reasons, we affirm the decision of the trial court and certify the trial court's order as final. Costs on appeal have been waived.



| | |
|---|---|
| Alisha Thomas | ) Docket No. 2017-08-0024 |
| | ) |
| v. | ) State File No. 95463-2015 |
| | ) |
| Federal Express Corp., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of July, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Alisha Thomas | | | | X | blessbysuccess@aol.com |
| Stephen W. Vescovo Ginger Taylor | | | | X | svescovo@lewisthomason.com gtaylor@lewisthomason.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov