



FILED
Sep 15, 2023
03:03 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Margie Webb | ) Docket No. 2022-06-2036 |
| | ) |
| v. | ) State File No. 23336-2019 |
| | ) |
| Blakeford Management Services, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

**Affirmed and Remanded**

---

In this interlocutory appeal, the employee appeals two orders: one excluding her expert witness and one denying her request to amend a scheduling order. The employee suffered an injury to her right shoulder and arm while moving a client's lift chair. She later contracted an infection, which she alleged to be related to her work duties. The employer accepted the right shoulder and arm injury but denied that the infection was primarily related to the employee's work. After the issuance of a dispute certification notice, the trial court issued a scheduling order setting certain deadlines, including a deadline for the parties to provide expert witnesses' reports. Following a motion by the employee, the trial court modified its order and provided new deadlines. The employee did not provide her expert report by the specified date and instead filed a motion requesting a new scheduling order. The employer filed a motion to exclude the employee's expert witness. Following a hearing, the trial court issued two orders: one granting the employer's motion to exclude the expert witness and one denying the employee's motion for an amended scheduled order. The employee has appealed both orders. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Robert R. Laser III, Nashville, Tennessee, for the employee-appellant, Margie Webb

Cole B. Stinson, Lansing, Michigan, for the employer-appellee, Blakeford Management Services, Inc.

1

**Memorandum Opinion**[1]

Margie Webb ("Employee") was working as a caregiver for Blakeford Management Services, Inc. ("Employer"), when she injured her right shoulder and arm moving a lift chair for a client.[2] She also contracted Methicillin Resistant Staphylococcus Aureus ("MRSA"), which she alleged was related to her employment.[3] Employer filed a petition for benefit determination on August 4, 2020, seeking to compel Employee to cooperate with discovery. On July 11, 2022, Employee filed a notice of nonsuit, and the court entered an order dismissing "her claim" without prejudice. Thereafter, Employee filed a petition for benefit determination on October 10, 2022, and a dispute certification notice was issued on November 28, 2022. Due to the failure of either party to file a request for hearing within sixty days, the court held a show cause hearing to address whether Employee intended to pursue her claim. In a subsequent order issued on March 24 *nunc pro tunc* to February 7, the court declined to dismiss Employee's case, and it set certain deadlines for discovery, including a requirement that the parties exchange written discovery on or before February 15, 2023, that Employee's attorney disclose her expert and provide the expert's report regarding the MRSA claim by March 22, 2023, and that Employee be deposed on March 24, 2023. As part of its order, the court stated that if meeting any of the deadlines "becomes impossible for reasons beyond a party's or counsel's control, they must file a motion if necessary and preferably before the passage of a deadline."

On March 27, 2023, one business day after the filing of the trial court's order and after all deadlines set forth in the court's order had expired, Employee filed a "Motion to Amend Scheduling Order and For Panel to Select Authorized Treating Physician," arguing that she needed time to subpoena the medical records of a third party in support of the MRSA claim for consideration by her expert and that she was previously unable to ask for an extension because the court's order was not entered or received until after the deadlines had passed. Employee also proposed new discovery deadlines. On that same date, the court granted the motion in part, stating that the request for a panel would need to be handled in an expedited hearing but that certain extensions on discovery deadlines were appropriate. However, the court stated in its order granting the extensions that "no further delays will be tolerated" and "[i]f meeting any of these deadlines becomes

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] The nature and extent of Employee's injuries to her right shoulder and arm are not at issue in this appeal.

[3] MRSA is an antibiotic resistant bacterial infection that is easily spread in medical settings. *See* www.mayoclinic.org/diseases-conditions/mrsa/symptoms-causes/syc-20375336 (last visited September 11, 2023).

impossible for reasons beyond counsel's control, he must file a motion before passage of a deadline." Among other things, the court ordered Employee's counsel to serve the subpoena for the third party's medical records before March 31, 2023, for the parties to complete written discovery by April 30, 2023, and for Employee to provide her expert's report to opposing counsel on or before June 9, 2023.

On June 9, 2023, Employee's counsel filed a "Motion to Compel and to Amend Scheduling Order." Employee's motion requested the deadline for written discovery be moved to June 30, 2023, and that the other dates in the scheduling order be "extended in approximate proportion to this shift of the written discovery deadline." In support of her motion, Employee argued Employer had failed to provide discovery responses to Employee before the April 30 deadline set forth in the scheduling order.

Employer responded to Employee's motion on June 16, asserting that it had served its discovery responses on May 19, 2023, via the Microsoft OneDrive platform. It acknowledged that Employee had objected to using that method of sharing documents and had requested the responses be sent instead via "pdf attachment, fax, hard copy, or a link that doesn't require [him] to agree to terms and conditions that are not made available to [him]." Employer asserted it then mailed the documents to the address provided by Employee's counsel and was unaware that Employee had not received the package. Despite its concern that the responses were too voluminous to be delivered by email, Employer represented that it would attempt to email the responses and that no order to compel would be necessary. It objected to amending the scheduling order, however, citing Employee's failure to prosecute her claim or comply with the court's previous scheduling orders. Employer also filed its own motion requesting the court exclude Employee's expert witness due to Employee's failure to provide her expert witness's report by June 9, 2023, as ordered.

The court heard the motions on June 27, 2023. The court observed that the Tennessee Rules of Civil Procedure vest trial courts with discretion when faced with requests to extend deadlines. The trial court also noted that we have previously held that the "judges in the Court of Workers' Compensation Claims possess discretion to control the pace of litigation in their courts." *Valladares v. Transco Products, Inc.*, No. 2015-01-0117, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *25 (Tenn. Workers' Comp. App. Bd. July 27, 2016). The court rejected the reasons cited by Employee to support her request for extensions of time, concluding they were within counsel's control. The court stated it had been lenient with Employee by declining to dismiss the case despite the show cause order and extending deadlines contained in the previous scheduling order. Accordingly, the court did not find any excusable neglect on the part of Employee's counsel and granted Employer's motion to exclude Employee's expert witness, reminding the parties that "[a] stern or harsh result does not necessarily equate to an injustice." *Carter v. Ricoh America Corp.*, No. 2015-06-0466, 2020 TN Wrk. Comp. App. Bd. LEXIS 64, at *10 (Tenn. Workers' Comp. App. Bd. Nov. 2, 2020). In a

separate order, the court denied Employee's motion to amend the scheduling order and to compel discovery, as the discovery responses had been received by the time of the hearing. Furthermore, the court concluded counsel had not made any good faith efforts to resolve the issue prior to filing the motion. *See* Tenn. Comp. R. & Regs. 0800-02-21-.17(5) (2022). It further did not find any good cause to extend any of the other deadlines or change the date of the compensation hearing. Employee has appealed both orders.

In her notice of appeal, Employee states that she is "[a]ppealing [the] Court's Order denying Employee's Motion to Compel and Amend Scheduling order and Order excluding Employee's expert witness." Neither party filed a brief in this appeal, and neither party filed a transcript of the hearing.[4]

Without a transcript or statement of the evidence, we presume that the evidence presented at the hearing supported the findings of the trial court. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Furthermore, by failing to file a brief, Employee has presented us with no legal argument to explain how she believes the trial court erred. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law clearly prohibits. Appellate tribunals will not "dig through the record in an attempt to discover arguments or issues that [a party] may have made" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Trial courts have broad discretion to address discovery disputes. *See Johnson v. Nissan, N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004). "A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case on a clearly erroneous assessment of the evidence." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (internal citation

---

[4] Employee's counsel filed a motion for an extension of time to file a transcript on appeal, which we granted. However, the transcript was never filed.

and quotation marks omitted). In short, Employee has failed to show an abuse of discretion.

For the foregoing reasons, we affirm both orders of the trial court and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Margie Webb | ) | Docket No. 2022-06-2036 |
| | ) | |
| v. | ) | State File No. 23336-2019 |
| | ) | |
| Blakeford Management Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of September, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Robert R. Laser, III<br>Jenna Finbloom | | | | X | rob@laserlawfirm.com<br>jennaf.llf@gmail.com |
| Cole B. Stinson | | | | X | cole.stinson@afgroup.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov