

FILED
Mar 25, 2024
10:26 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Maikel Reazkallah | ) Docket No. 2022-05-0554 |
| | ) |
| v. | ) State File No. 2854-2022 |
| | ) |
| Amazon.com Services, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Certified as Final

---

This is an appeal of a compensation order denying workers' compensation benefits. The employee alleged he suffered an injury to his right leg resulting in a need for medical treatment. The employer provided a panel, and the selected physician opined the employee's complaints were not primarily due to a work injury. Following a compensation hearing, the trial court found the employee failed to prove his alleged injury arose primarily out of and in the course and scope of his employment and denied benefits, and the employee has appealed. Upon careful consideration of the record, we affirm the order and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Maikel Reazkallah, Smyrna, Tennessee, employee-appellant, pro se

Stephen B. Morton, Nashville, Tennessee, for the employer-appellee, Amazon.com Services, LLC

### Factual and Procedural Background

Maikel Reazkallah ("Employee") alleged he suffered a work-related injury on December 18, 2021, while working for Amazon.com Services, LLC ("Employer"). Employee, who began working for Employer on December 12, 2021, initially reported a strain to his right thigh area following work on the production line. However, he later indicated it was an injury to his low back causing symptoms in his right leg. Upon

1

receiving his report of an injury, Employer provided a panel, and Employee selected Dr. Harold V. Nevels as his authorized treating physician.

Dr. Nevels saw Employee on December 30, 2021. At that time, Employee reported numbness and a "cold sensation" to his right thigh after six days as a "sorter" with Employer. Dr. Nevels stated, "I can not [sic] call this a work comp injury," and released Employee to follow up with a primary care provider regarding a possible electrolyte imbalance or "deconditioning" for work. Following that visit, Employer denied the claim, and Employee filed a petition for benefit determination. Once a dispute certification notice was issued, Employee filed a request for expedited hearing. After numerous discovery disputes, Employee did not attend the expedited hearing, and as such, the court set a compensation hearing.[1]

At the December 7, 2023 compensation hearing, Employee testified on his own behalf, and Employer offered into evidence a Form C-32 Final Medical Report ("C-32") from Dr. Nevels. The C-32 reflected the prior statements of Dr. Nevels indicating there was no work injury, no disablement preventing Employee from working, and no permanent impairment. Employee provided a C-32 from Dr. John Burleson, an unauthorized physician he saw on his own, but it was not admitted into evidence as it did not satisfy the requirements of Tennessee Code Annotated section 50-6-235(c)(1). With no medical proof establishing that Employee's alleged injury arose primarily out of and in the course and scope of his employment, the trial court determined Employee had not met his burden of proof and entered a compensation order denying benefits. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are

---

[1] Employee did file an appeal of the order dismissing his request for expedited hearing but failed to pay the filing fee or file an Affidavit of Indigency even after our issuance of a show cause order. As such, we dismissed that appeal on July 18, 2023, without reaching the merits and remanded the case.

also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

In his notice of appeal, Employee identifies three issues: (1) the court's exclusion of Dr. Burleson's C-32 from evidence; (2) "taking the doctor['s] report for [Employer] even though I told him that the signature [is] not [mine]; and (3) "hiding the [notice] of receipt by the other party [to] bring witnesses and vidio [sic] camera." For its part, Employer submits the appeal is frivolous and seeks an award of its expenses.

On appeal, Employee did not file a brief, nor did he file a transcript of the hearing. Employee did send an email to the Clerk of the Workers' Compensation Appeals Board, which appears to reiterate his request to have Dr. Burleson's C-32 admitted and to have the company present certain witnesses and evidence he alleges are consistent with subpoenas he mailed to Employer's attorney.[2]

In the absence of a transcript, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Further, our ability to discern the factual or legal issues for review is limited. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v.*

---

[2] The issues Employee attempts to raise regarding the issuance of subpoenas for witnesses and video footage of the accident were addressed by the trial court in a May 25, 2023 order. The technical record contains various subpoenas addressed to Employer, generally, and later to Employer's counsel, requesting the appearance of the supervisor and a safety official allegedly present at the time of the accident, as well as video of the accident. In the May 25 order, the trial court explained the subpoena procedure under the Bureau's Rules and denied Employee's motion to compel the appearance of those witnesses. That order was not appealed.

*Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

The only issue contained in the trial court's order which Employee has raised on appeal is the exclusion of Dr. Burleson's C-32. Although Employee attempted to file Dr. Burleson's C-32 and his records, the C-32 did not contain a statement of Dr. Burleson's qualifications as required by the applicable statute. Counsel for Employer properly objected to its admissibility.[3] A trial court's decision regarding the admission or exclusion of evidence is entrusted to the court's discretion and will not be disturbed on appeal unless the trial court abused its discretion. *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008). We can find no abuse of discretion in the trial court's exclusion of Dr. Burleson's C-32. *See Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (an abuse of discretion occurs when the trial court's decision causes an injustice by applying an incorrect legal standard, reaching an illogical conclusion, or by resolving the case based on a clearly erroneous assessment of the evidence). As such, we agree with the trial court that Employee provided no medical proof to rebut the presumption afforded Dr. Nevels under Tennessee Code Annotated section 50-6-102(12)(E), and we find no error in the trial court's denial of benefits.

Finally, we conclude Employee's appeal is frivolous. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). However, under these circumstances, we exercise our discretion and decline to award expenses as requested by Employer.

### Conclusion

For the foregoing reasons, we affirm the court's order and certify it as final. Costs on appeal have been waived.

---

[3] We also find no indication in the record than Employee gave notice of his intent to use the C-32 at least twenty days prior to the date of intended use. *See* Tenn. Code Ann. § 50-6-235(c)(2) (2023).



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

Maikel Reazkallah )  Docket No.  2022-05-0554
)
v. )  State File No.  2854-2022
)
Amazon.com Services, LLC, et al. )
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Dale A. Tipps, Judge )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of March, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Maikel Reazkallah | X | X | | X | maikel.reazkallah@yahoo.com 100 Bungalow Ct., Smyrna, TN, 37167 |
| Stephen B. Morton | | | | X | stephen.morton@mgclaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov