

**FILED**
**Apr 11, 2024**
**01:20 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Raul Morelos Chavez | ) | Docket No. 2020-05-0797 |
| | ) | |
| v. | ) | State File No. 11082-2020 |
| | ) | |
| Jesus Morelos Chavez, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Certified as Final

---

The employee fell at work and sustained a left clavicle fracture. The employer accepted the claim as compensable and provided authorized treatment for his condition, including surgery, physical therapy, and referrals to other specialists for evaluation of complaints of dizziness and back pain. After being placed at maximum medical improvement, the employee sought additional medical treatment on his own and requested that he be given a new authorized physician. Following an expedited hearing, the trial court concluded that the employee failed to identify a legal basis that would justify changing his authorized physician and that he failed to prove he is likely to prevail at trial on his claim for additional medical benefits. The employee appealed, and we affirmed the trial court's interlocutory order. Thereafter, a compensation hearing was held. The trial court concluded that the employee was entitled to permanent disability and lifetime medical benefits with his authorized treating physicians but was not entitled to additional temporary disability benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Raul Morelos Chavez, La Vergne, Tennessee, employee-appellant, pro se

Neil McIntire, Nashville, Tennessee, for the employer-appellee, Jesus Morelos Chavez

## Factual and Procedural Background

This is the second appeal in this matter. Raul Chavez ("Employee") was injured on December 20, 2019, after he lost his balance and fell while working for his brother, Jesus Morelos Chavez ("Employer"). He was evaluated at Stonecrest Medical Center the same day and diagnosed with a fractured left clavicle. The claim was accepted as compensable, and Employee saw Dr. William Mayfield, an orthopedic surgeon, who performed reparative surgery. Dr. Mayfield placed Employee at maximum medical improvement and released him to full duty on June 25, 2020.[1] Employer paid temporary disability benefits from December 20, 2019, through June 29, 2020. Dr. Mayfield did not assign any permanent medical impairment for Employee's condition and noted that he did not need follow-up care. Employee did not return to work for Employer.

While receiving treatment for his clavicle injury, Dr. Mayfield made two referrals: one to a neurologist for complaints of dizziness and another to an orthopedist for complaints of back pain. With respect to the first referral, Employee selected Dr. Richard Rubinowicz from an Employer-provided panel of neurologists. On March 2, Dr. Rubinowicz evaluated Employee and provided an assessment of dizziness and mild closed head injury. He noted Employee presented with "posttraumatic dizziness following a head injury that has resolved." Dr. Rubinowicz discussed Employee's symptoms and "ongoing management" noting that, "[n]o additional intervention [is] required at this time."

Dr. Mayfield also referred Employee to Dr. Christopher Kauffman, an orthopedic surgeon specializing in the spine, who evaluated Employee's complaints of cervical, thoracic, and lumbar pain. Dr. Kauffman diagnosed an acute cervical sprain, lumbar sprain, and thoracic sprain. He ordered MRIs and, upon review, noted the studies revealed "no evidence of acute injury and minimal degenerative changes," which Dr. Kauffman determined to be "consistent with a pre-existing condition." Dr. Kauffman placed Employee at maximum medical improvement on June 17, released him to full duty work, and assigned zero permanent impairment.

Employee was not satisfied with the medical care he had received and sought unauthorized treatment on his own with additional medical providers who treated him for depression and anxiety. He also received medical care from Dr. Darian Reddick, a neurologist who diagnosed Employee with chronic low back pain and spasm.

At a February 2, 2023 expedited hearing, Employee testified that he was released from medical care by his providers even though he believed he still needed treatment. Employee stated that he continued to have severe pain that limited his ability to work and caused severe depression. He requested another doctor who could provide treatment for

---

[1] Although Employee was seen by Dr. Mayfield again in November, no additional issues were noted.

his condition so that he could return to work. Conversely, Employer argued that Employee was provided medical treatment with three authorized treating physicians and had received all workers' compensation benefits to which he was entitled. In addition, Employer asserted that all treating doctors had released Employee from their care. After the hearing, the trial court determined Employee had not identified any legal basis that would justify changing his authorized treating physician and had therefore not established he would likely prevail at trial on his claim for additional medical benefits. Employee appealed, and we affirmed, noting Employee provided no proof that he had been denied reasonable and necessary medical care or that an authorized provider had refused to see him. Employee also did not file a brief or offer any legal argument as to how he believed the trial court erred.

Following our remand, the court issued a scheduling order setting deadlines for completing discovery, filing motions, filing pre-trial submissions, and setting the matter for trial on December 12, 2023. The parties were unable to reach a resolution via mediation, and a dispute certification notice ("DCN") was issued on December 5. Compensability, medical benefits, temporary disability benefits, and permanent disability benefits were all marked as disputed issues on the DCN. In addition, in the section of the DCN where defenses are identified, Employer asserted that "all benefits have been paid and will be provided pursuant to the workers' compensation laws" and that Employer "[d]isputed causation for some alleged complaints." In a pre-compensation hearing statement filed with the court, the only issue identified was "[w]hether Employee is entitled to any further benefits of any kind, including temporary total disability [benefits], permanent partial disability [benefits], or medical benefits in addition to those already paid or offered[.]"

A compensation hearing was held on December 12. The trial court noted that the two percent impairment rating assigned by Dr. Mayfield for Employee's clavicle fracture and the zero percent impairment rating assigned by Dr. Kauffman for Employee's back complaints were unrebutted; as a result, Employee was entitled to an original award of permanent partial disability benefits in the amount of $3,840.21. The court also concluded that although Employee did not return to work, he was not entitled to receive increased permanent partial disability benefits pursuant to Tennessee Code Annotated section 50-6-207(3)(F). Finally, the court once again determined that Employer had authorized treatment for Employee's work injury and that Employee "offered no proof" that Employer refused to authorize additional treatment with any approved physician. In addition, Employee's unauthorized providers did not provide an opinion as to whether his current problems were primarily caused by the work accident. As a result, the court concluded there was no legal basis for a change in medical providers.

With regard to temporary disability benefits, the trial court concluded that Employee was paid temporary disability benefits from his date of injury until he was placed at maximum medical improvement by his authorized physician. The court noted

that although Employee's unauthorized providers stated he was unable to work, Employee offered no medical proof that his current condition or inability to work were caused by the compensable work accident; thus, Employee had not met his burden of proving an entitlement to additional temporary disability benefits. The court ordered future medical benefits with Drs. Mayfield and Kauffman, awarded permanent partial disability benefits in the amount of $3,840.21, and denied Employee's claim for additional temporary disability benefits. Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

## Analysis

In his notice of appeal, Employee states that he disagrees with how Dr. Kauffman "discharged" him without "caring [for] my pain or paying attention to my discomfort and my limitations." Employee asserts that he was unable to return to his job or work in similar jobs and that he has continuing pain due to "discomfort I now suffer throughout my entire spine." In his notice of appeal, Employee also noted that he would present "an original letter that I wrote about my limitations and a video recording of the day I went to my last appointment with Dr. Christopher Kauffman."

Despite these statements on the notice of appeal, Employee did not file a brief or offer any argument addressing his issues on appeal or a legal explanation of how he believes the trial court erred. As such, we are unable to discern any factual or legal issues for review. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn.

4

2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct unless the preponderance of the evidence is otherwise.

Further, Employee did not file a transcript of the hearing or provide a statement of the evidence. In the absence of a transcript or statement of the evidence, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

The court reviewed and considered Employee's medical records, sworn statements offered into evidence, and Employee's testimony. The court noted that Employer furnished authorized medical treatment to Employee and that Employee offered no proof that his authorized physicians ever refused to see him. Moreover, no provider offered an opinion that Employee's current complaints were primarily caused by the work accident. The trial court concluded Employee is entitled to future medical benefits with Drs. Mayfield and Kauffman causally related to the work accident and permanent partial disability benefits in the amount of $3,840.21, but it denied Employee's claim for additional temporary disability benefits. We discern no error.

## Conclusion

For the foregoing reasons, we affirm the court's order and certify it as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Raul Morelos Chavez | ) | Docket No. 2020-05-0797 |
| | ) | |
| v. | ) | State File No. 11082-2020 |
| | ) | |
| Jesus Morelos Chavez, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of April, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Raul Morelos Chavez | | | | X | morelos96patron@gmail.com |
| Fredrick Hodge<br>Neil McIntire | | | | X | fhodge@howell-fisher.com<br>nmcintire@howell-fisher.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov